PETITION FOR DISCLOSURE OF EVIDENCE PRESENTED TO FRANKLIN COUNTY GRAND JURIES IN 1970.

[Cite as Petition for Disclosure of Evidence (1980), 63 Ohio St. 2d 212.]

(No. 79-1316—Decided July 23, 1980.)

214

*Messrs. Lane, Alton & Horst, Mr. Jack R. Alton, Messrs. Wilson & McIlvane, Mr. Charles W. Boand, Messrs. Coghill Goodspeed & Horowitz* and *Mr. Jay Horowitz,* for appellant.

*Mr. George C. Smith,* prosecuting attorney, and *Ms. Karen L. Martin,* for appellee.

CELEBREZZE, C. J.  The initial issue before this court is whether the trial court, under its inherent power to administer

the law, could release the grand jury transcripts in the case at bar.[1] In order to decide this issue we must first determine if R. C. 2939.11 prohibits the disclosure sought.

R. C. 2939.11 states:

"The official shorthand reporter of the county, or any shorthand reporter designated by the court of common pleas, at the request of the prosecuting attorney, or any such reporter designated by the attorney general in investigations conducted by him, may take shorthand notes of testimony before the grand jury, and furnish a transcript to the prosecuting attorney or the attorney general, and to no other person. The shorthand reporter shall withdraw from the jury room before the jurors begin to express their views or take their vote on the matter before them. Such reporter shall take an oath to be administered by the judge after the grand jury is sworn, imposing an obligation of secrecy to not disclose any testimony taken or heard except to the grand jury, prosecuting attorney, or attorney general, unless called upon in court to make disclosures."

By providing for disclosure only when "called upon in court," the General Assembly recognized the great need to preserve grand jury secrecy. The General Assembly, though, also recognized that in some instances, justice requires that disclosure be made. As a consequence it did allow a court to order the reporter to disclose the contents of the grand jury transcripts in at least some instances. See *State* v. *Laskey* (1970), 21 Ohio St. 2d 187.

In *Laskey* the disclosure was made in the case initiated by the grand jury. However, need for such disclosure may well exist in cases other than those initiated by the grand jury. It would be absurd and unreasonable to limit disclosure to those cases initiated by a grand jury indictment. Because the legislature is presumed to enact laws which do not produce absurd or unreasonable consequences, *American Chemical Soc.* v. *Kinney* (1980), 62 Ohio St. 2d 258; *Canton* v. *Imperial Bowling Lanes* (1968), 16 Ohio St. 2d 47, we interpret R. C. 2939.11 to allow disclosure of grand jury transcripts in proceedings

---

[1] Because the trial court's decision that Crim. R. 6 is inapplicable in the case at bar is not before us, we must rule on the basis of the trial court's inherent powers.

other than those initiated by the grand jury, where justice requires.

Appellant seeks disclosure in the case at bar for purposes of a civil case. Appellee argues that even if disclosure is permitted in proceedings other than those initiated by the grand jury, such disclosure is limited to criminal cases.

Thus far this court has only allowed disclosure in criminal cases. As stated in paragraph three of the syllabus in *State* v. *Patterson* (1971), 28 Ohio St. 2d 181:

"Grand jury proceedings are secret, and an accused is not entitled to inspect grand jury transcripts either before or during trial unless the ends of justice require it and there is a showing by the defense that a particularized need for disclosure exists which outweighs the need for secrecy. (See *State* v. *Laskey,* 21 Ohio St. 2d 187, 191.)"

In adopting this rule we have relied heavily on the United States Supreme Court's decision in *Pittsburgh Plate Glass Co.* v. *United States* (1959), 360 U.S. 395, rehearing denied, 361 U.S. 855. *Pittsburgh Plate Glass* involved Fed. R. Crim. P. 6(e).[2] In relying on *Pittsburgh Plate Glass* this court recognized that courts in this state, under their inherent powers, have essentially the same control over grand juries as federal courts have under Fed. R. Crim. P. 6(e). As a consequence we look to the United States Supreme Court's decisions regarding Fed. R. Crim. P. 6(e) for guidance in the case at bar.

The United States Supreme Court has made it clear that, in at least some civil cases, disclosure of grand jury transcripts may be required. *United States* v. *Proctor & Gamble* (1958), 356 U.S. 677; *Douglas Oil Co.* v. *Petrol Stops Northwest*

---

[2] Fed. R. Crim. P. 6(e) states in part:

"(2) General Rule of Secrecy. A grand juror, an interpreter, a stenographer, an operator of a recording device, a typist who transcribes recorded testimony, an attorney for the government, or any person to whom disclosure is made under paragraph (3)(A)(ii) of this subdivision shall not disclose matters occurring before the grand jury, except as otherwise provided for in these rules. No obligation of secrecy may be imposed on any person except in accordance with this rule.* * *

"(3) Exceptions
"* * *

"(C) Disclosure otherwise prohibited by this rule of matters occurring before the grand jury may also be made -

"(i) when so directed by a court preliminarily to or in connection with a judicial proceeding;* * * "

(1979), 441 U.S. 211, 60 L. Ed. 2d 156. *Douglas Oil,* for instance, involved a civil antitrust suit between private parties.

In *Douglas Oil,* at pages 166-167, the court summarized the standard which the Supreme Court has developed to deal with grand jury disclosure cases, stating that "the traditional secrecy of the grand jury may be broken***[when] [p]arties seeking grand jury transcripts***show that the material they seek is needed to avoid a possible injustice in another judicial proceeding, [and] that the need for disclosure is greater than the need for continued secrecy***. Such a showing must be made even when the grand jury whose transcripts are sought has concluded its operations***. For in considering the effects of disclosure on grand jury proceedings, the courts must consider not only the immediate effects upon a particular grand jury, but also the possible effect upon the functioning of future grand juries. Persons called upon to testify will consider the likelihood that their testimony may one day be disclosed to outside parties. Fear of future retribution or social stigma may act as powerful deterrents to those who would come forward and aid the grand jury in the performance of its duties. Concern as to the future consequences of frank and full testimony is heightened where the witness is an employee of a company under investigation. Thus, the interests in grand jury secrecy, although reduced, are not eliminated merely because the grand jury has ended its activities.

"***In sum, as so often is the situation in our jurisprudence, the court's duty in a case of this kind is to weigh carefully the competing interests in light of the relevant circumstances and the standards announced by this Court. And if disclosure is ordered, the court may include protective limitations on the use of the disclosed material***. Moreover, we emphasize that a court called upon to determine whether grand jury transcripts should be released necessarily is infused with substantial discretion."

In *Douglas Oil,* the court, applying these principles, held that disclosure of grand jury materials could be made in private civil cases, although it remanded the case, ruling that the trial court in *Douglas Oil* had abused its discretion in allowing disclosure in that case.

We recognize the appropriateness of this decision. Although the nature of the need in a civil action may be different, there is no need to preclude disclosure in such cases. The needs of justice may well warrant disclosure in a narrow class of civil cases.

We hold that R. C. 2939.11 allows the court which supervises a grand jury to disclose evidence presented to the grand jury, where justice requires, in civil as well as criminal actions. Such disclosure can be ordered only after the court carefully weighs the need to maintain the secrecy of the grand jury proceedings against petitioner's need for the information and determines that justice can only be done if disclosure is made.

The Court of Appeals in the case at bar, however, held that the petition could not be granted because the District Court for Colorado, which it determined was the court in the best position to determine need, had failed to do so. In *Douglas Oil, supra,* such a ruling was the basis of the remand.

*Douglas Oil* involved a private antitrust action which had been brought in Arizona. The petition had been made to the District Court in California which had supervised the grand jury where the transcript was sought. That court had granted the petition. Because the supervisory court is in the best position to assess the need for secrecy, the United States Supreme Court concluded, in *Douglas Oil,* that in general requests for disclosure of grand jury transcripts should be directed there. However, when the supervisory court was not involved in the civil case, the court also recognized that it might be impossible for the supervisory court to determine the need interests involved in the civil case.

The cause was remanded in *Douglas Oil* for further proceedings. The United States Supreme Court held that the California District Court was not in a position to determine need in a complex antitrust case occurring in Arizona. The Supreme Court recommended that some sort of cooperative effort take place between the two federal courts in order to properly balance need and secrecy interests involved.

We hold that a petition to the court which supervised a grand jury is the proper means of obtaining release of grand jury materials. The supervisory court is in the best position to assess the need to preserve secrecy over the proceedings. We

also recognize that the supervisory court may not be in the best position to decide the extent of need for the information. The supervisory court's ability to make such a decision must be resolved in a case-by-case manner. Initially, this decision should be made by the trial court, subject to review.

In the case at bar, the trial court decided that the need to preserve secrecy was so great that the need for the information could not overcome it. In making this determination, which could be an appropriate one in some cases, the court used the five reasons for preserving secrecy given in *United States* v. *Rose* (C.A. 3, 1954), 215 F. 2d 617. These reasons have been approved by the United States Supreme Court in *Proctor & Gamble, supra,* at pages 681-682, fn. 6, and in *Douglas Oil, supra,* at page 165, fn. 10. Use of these reasons was correct.

The reasons, as given in *Rose,* at pages 628-629, are as follows:

"(1) To prevent the escape of those whose indictment may be contemplated; (2) to insure the utmost freedom to the grand jury in its deliberations, and to prevent persons subject to indictment or their friends from importuning the grand jurors; (3) to prevent subornation of perjury or tampering with the witnesses who may testify before grand jury and later appear at the trial of those indicted by it; (4) to encourage free and untrammeled disclosures by persons who have information with respect to the commission of crimes; (5) to protect innocent accused who is exonerated from disclosure of the fact that he has been under investigation, and from the expense of standing trial where there was no probability of guilt."

The trial court, however, abused its discretion in applying the factors in *Rose.* The court held that secrecy had to be preserved due to reasons No. 4 and 5. The court determined that disclosure would discourage people from giving information in future cases because the case was recent and similar cases were likely to occur in the future. The court also was concerned about exposure of unindicted witnesses to publicity.

The Court of Common Pleas did not account for its ability to place protective limitations on any disclosure ordered. Such protection could be fashioned to shield the unindicted and those who volunteered information. The Court of Common

Pleas analysis, if carried to its logical conclusion, would preclude all disclosure except where all witnesses were indicted. In the case at bar some people were indicted and if a sufficient showing of need was made, some of their testimony could be disclosed without eroding the grand jury system.

The trial court never decided whether it was in a position to effectively decide the extent of petitioner's need for information because it determined that no showing of need could overcome the need to preserve grand jury secrecy. As a consequence, we remand the cause for such a determination.

If the trial court finds that it can determine the extent of petitioner's needs, it should decide whether justice requires that disclosure be made. If it does not find that it can determine need, it is possible that a cooperative effort with the District Court for Colorado such as those discussed in *Douglas Oil, supra,* could be arranged.

*Judgment reversed*
*and cause remanded.*

HERBERT, P. BROWN, SWEENEY, LOCHER and HOLMES, JJ., concur.

W. BROWN, J., dissents.