The STATE of Ohio, Appellee,

v.

MARTIN, Appellant.

[Cite as *State v. Martin* (1993), 92 Ohio App.3d 384.]

Court of Appeals of Ohio,
Greene County.

No. 92 CA 111.

Decided Nov. 8, 1993.

---

*Paul Barrett,* Greene County Special Prosecutor, for appellee.

*Dwight D. Brannon,* for appellant.

GRADY, Presiding Judge.

This appeal arises out of an injunction issued by the common pleas court which permanently enjoined appellant, Billy Martin, from using at his hearing before the Beavercreek Personnel Board of Review transcripts of testimony given before the grand jury in a criminal case in which Martin was the defendant, case No. 92–CR–22.

In January 1992, Billy Martin, a Beavercreek police officer, was indicted in Greene County case No. 92–CR–22 on various criminal charges relating to "ticket fixing." During the pendency of this criminal case, Martin made several requests for preparation and disclosure of the testimony given before the grand jury. On March 4, 1992, Judge Lee Bixler, who presided over the criminal proceedings, ordered that the grand jury minutes be prepared and sealed. Judge Bixler's order provided that the grand jury proceedings would remain sealed until Martin demonstrated a particularized need for that material.

The criminal charges against Martin proceeded to trial and on June 19, 1992, at the close of the state's case, the trial court granted Martin's motion for judgment of acquittal on all charges based on insufficient evidence.

In early August 1992, Martin was notified of a disciplinary proceeding brought by the Beavercreek Police Department. The focus of that hearing was Martin's alleged involvement in "ticket fixing," the same conduct which had given rise to the criminal charges in case No. 92–CR–22. On August 17, 1992, Judge Bixler ordered that the grand jury proceedings in case No. 92–CR–22, previously transcribed and sealed, be released to Martin. The state was not furnished with notice of the entry of this judgment.

In September 1992, Billy Martin was discharged from his employment as a Beavercreek police officer based on his involvement in "ticket fixing." Martin appealed to the Beavercreek Personnel Board of Review. At the hearing before the personnel board on October 11, 1992, Martin attempted to impeach the witnesses testifying on behalf of the city of Beavercreek by using the testimony given by those witnesses before the grand jury in case No. 92–CR–22. The city of Beavercreek objected to the use of the grand jury testimony and the hearing before the personnel board was postponed until October 19, 1992.

On October 19, 1992, the day Martin's hearing before the personnel board reconvened, the special prosecutor from the criminal case, No. 92–CR–22, instituted a new civil action in common pleas court, case No. 92–CV–521, asking the court to enjoin Martin from using testimony given before the grand jury in case No. 92–CR–22 at his hearing before the personnel board. By an order journalized that same day, October, 19, 1992, Judge Thomas Rose enjoined Martin from

using the proceedings occurring before the grand jury in case No. 92–CR–22, holding that a particularized need for that material had not been shown.

Billy Martin subsequently filed a motion to dissolve the injunction issued by Judge Rose. That matter came before Judge James Hooper for a hearing on October 27, 1992. At the conclusion of the hearing, Judge Hooper ruled that the proceedings before the grand jury in case No. 92–CR–22 could not be used in an administrative non-judicial proceeding, *i.e.*, the hearing before the Beavercreek Personnel Board of Review. Judge Hooper's granting of injunctive relief prohibiting the use of the grand jury testimony was made permanent at Martin's request. Judge Hooper's decision was journalized by judgment entry filed October 28, 1992. A subsequent motion for reconsideration by Martin was overruled by Judge Hooper.

On November 25, 1992, Billy Martin timely appealed to this court Judge Hooper's decision prohibiting use of the testimony before the grand jury in case No. 92–CR–22 in Martin's hearing before the Beavercreek Personnel Board of Review.

Billy Martin has presented six assignments of error for our review, the first of which states:

"The trial court erred in issuing any injunctive relief because appellee failed to exhaust available remedies."

The validity of Judge Bixler's order of August 17, 1992, releasing to Billy Martin the transcript of proceedings before the grand jury in case No. 92–CR–22, has not been challenged in the appeal presently before us. Accordingly, we must presume the legality and validity of that order. 5 Ohio Jurisprudence 3d (1978), Appellate Review, Sections 553, 554.

In ordering disclosure of the grand jury proceedings in case No. 92–CR–22, Judge Bixler necessarily considered the requirements of Crim.R. 6(E) and held that the ends of justice required disclosure because Billy Martin had demonstrated a particularized need for disclosure of that material which outweighed the need to maintain secrecy of the grand jury proceedings. *Petition for Disclosure of Evidence* (1980), 63 Ohio St.2d 212, 17 O.O.3d 131, 407 N.E.2d 513; *State v. Greer* (1981), 66 Ohio St.2d 139, 20 O.O.3d 157, 420 N.E.2d 982. Judge Bixler's order was a final order. While that order may have been voidable because notice of the order was not furnished to the state, it was not void. Thus, Judge Bixler's order could be modified by Judge Bixler himself or upon appellate review, but the order was not subject to collateral attack in a separate, unrelated proceeding.

Injunction is an equitable remedy, and the primary basis for exercising the extraordinary equity powers of a court in injunction proceedings is the unavailability or inadequacy of legal remedies. 56 Ohio Jurisprudence 3d (1984), Injunction, Section 25. Accordingly, injunction will not lie where there exists an adequate remedy at law. *Haig v. Ohio State Bd. of Edn.* (1992), 62 Ohio St.3d 507, 584 N.E.2d 704.

Crim.R. 57 allows resort to the Rules of Civil Procedure when no applicable rule of criminal procedure exists. Upon learning of Judge Bixler's order releasing the transcript of grand jury proceedings in case No. 92–CR–22 to Martin, and in order to prevent disclosure and use of that material in Martin's hearing before the Beavercreek Personnel Board of Review, the state could have utilized Crim.R. 57 and filed a motion similar to a Civ.R. 60(B) motion asking Judge Bixler to rescind, vacate or reconsider his order of August 17, 1992, because the state had not received notice or afforded an opportunity to be heard on the matter due to its *ex parte* nature. See, *e.g., State v. Billheimer* (Dec. 3, 1992), Montgomery App. No. 13281, unreported, 1992 WL 380578. Such a procedure would permit the court to address the error alleged, the failure of notice, and constitutes an adequate remedy at law.

Rather than to pursue this available remedy at law, the state elected to institute a separate civil proceeding to enjoin that relief which Billy Martin had been granted by Judge Bixler's order. This amounts to an impermissible collateral attack on Judge Bixler's order. We believe that Judge Hooper simply lacked authority to reconsider the merits of whether Billy Martin had demonstrated a particularized need sufficient to justify disclosure of the grand jury proceedings when Judge Bixler had previously made that determination in Martin's favor. Injunction is not available to enjoin that which has already been accomplished or afford redress for past wrongs. 56 Ohio Jurisprudence 3d (1984), Injunction, Section 5.

Inasmuch as an adequate remedy at law existed and injunction cannot properly be used to collaterally attack relief granted via final order in a separate proceeding, the trial court erred in granting injunctive relief to the state and its judgment will be reversed and vacated. As our disposition of Martin's first assignment of error renders moot the remaining assignments of error, we need not address them. App.R. 12(A)(1)(c).

*Judgment accordingly.*

BROGAN and FREDERICK N. YOUNG, JJ., concur.