DECISION PER CURIAM.
Defendant-appellant, Derrick Green, appeals his classification as a sexual predator pursuant to R.C. Chapter 2950. The record shows that, in 1988, Green was indicted on one count of aggravated robbery pursuant to R.C. 2911.01, two counts of felonious assault pursuant to R.C. 2903.11 and one count of rape involving force or threat of force pursuant to R.C. 2907.02. Pursuant to a plea bargain, Green pleaded guilty to and was convicted of one felonious-assault charge and a reduced charge of attempted rape. The state dismissed the other charges.
In 1999, Green was returned from prison for a sexual-predator hearing. The prosecutor told the court that he had subpoenaed the investigating officer and the victim, but that neither of them had appeared for the hearing. He stated that no presentence-investigation information was available, and he asked the court to take judicial notice of the previous proceedings. Finally, he told the court that he had obtained the grand-jury testimony of the police officer and the victim. Green's attorney stated that he had not seen the grand-jury testimony and asked to review it. The trial court then reviewed the testimony in chambers. Afterward, the court briefly summarized the content of the grand jury testimony and stated that there was no need to provide the testimony to defense counsel. Subsequently, the court found Green to be a sexual predator by clear and convincing evidence. This appeal followed.
Green presents five assignments of error for review. In his first three assignments of error, he contends that Ohio's sexual-predator statutes are unconstitutional. He argues that they violate the Double Jeopardy Clause, the Due Process Clause and the Ex Post Facto Clause of the United States Constitution, as well as the prohibition against retroactive laws in the Ohio Constitution. However, the Ohio Supreme Court and this court have already rejected these arguments, and we therefore overrule the first three assignments of error. See State v. Cook (1998),83 Ohio St.3d 404, 700 N.E.2d 570; State v. Lance (Feb. 13, 1998), Hamilton App. Nos. C-970301, C-970282 and C-970283, unreported, affirmed (1998), 84 Ohio St.3d 17, 701 N.E.2d 692.
We address the remaining two assignments of error out of order. In his fifth assignment of error, Green argues that the trial court erred in allowing the state to present grand-jury testimony and in relying upon it to make its determination, without allowing defense counsel to review it. We find this assignment of error to be well taken.
Generally, in a criminal trial, the accused may not inspect grand-jury transcripts unless "the ends of justice require it" and the accused shows that "a particularized need for disclosure exists which outweighs the need for secrecy." State v.Webb (1994), 70 Ohio St.3d 325, 337, 638 N.E.2d 1023, 1034; Statev. Greer (1981), 66 Ohio St.2d 139, 420 N.E.2d 982, paragraph two of the syllabus. Such a need is shown where nondisclosure will probably "deprive the defendant of a fair adjudication of the allegations placed in issue by the witness' trial testimony."Webb, supra, at 337, 638 N.E.2d at 1034; Greer, supra, at paragraph three of the syllabus. When the accused establishes a particularized need, the court, along with counsel, shall examine the grand-jury transcript in camera and give to the accused the relevant portions of the transcript, deleting extraneous matters.Greer, supra, at paragraph four of the syllabus.
However, both this court and the Ohio Supreme Court have held that proceedings under Ohio's sexual-predator statutes are civil and remedial, not criminal. Cook, supra, at 415-423,700 N.E.2d at 580-585; State v. Lee (1998), 128 Ohio App.3d 710, 716,716 N.E.2d 751, 755; Lance, supra. The supreme court has applied the same "particularized need" test in civil cases. State ex rel. BeaconJournal Publishing Co. v. Waters (1993), 67 Ohio St.3d 321, 325,617 N.E.2d 1110, 1114; Wurth v. Emro Marketing Co. (1998),125 Ohio App.3d 494, 499, 708 N.E.2d 1057, 1061. In Petition forDisclosure of Evidence Presented to Franklin County Grand Juriesin 1970 (1980), 63 Ohio St.2d 212, 407 N.E.2d 513, paragraph one of the syllabus, it held that the court that supervises a grand jury may disclose evidence presented to the grand jury in civil actions "where justice requires[.]" It also stated that "[s]uch disclosure can be ordered only after the court carefully weighs the need to maintain secrecy of the grand jury proceedings against petitioner's need for the information and determines that justice can only be done if disclosure is made." Id. at 218,407 N.E.2d at 518; Wurth, supra, at 499, 708 N.E.2d at 1061. See, also,State ex rel. Collins v. O'Farrell (1991), 61 Ohio St.3d 142,573 N.E.2d 113. It quoted with approval five reasons for maintaining grand-jury secrecy set forth in U.S. v. Rose (C.A.3, 1954),215 F.2d 617, 628-629:
 (1) To prevent the escape of those whose indictment may be contemplated; (2) to insure the utmost freedom to the grand jury in its deliberations, and to prevent persons subject to indictment or their friends from importuning the grand jurors; (3) to prevent subornation of perjury or tampering with the witnesses who may testify before [the] grand jury and later appear at the trial of those indicted by it; (4) to encourage free and untrammeled disclosures by persons who have information with respect to the commission of crimes; (5) to protect [an] innocent accused who is exonerated from disclosure of the fact that he has been under investigation, and from the expense of standing trial where there was no probability of guilt.
 Petition for Disclosure, supra, at 219, 407 N.E.2d at 518-519;Wurth, supra, at 499-500, 708 N.E.2d at 1061.
We refer to these cases regarding the use of grand-jury testimony only as a guideline for two reasons. First, the procedural posture in this case is somewhat different. In the criminal cases we have cited, the accused was seeking to inspect grand-jury testimony for use in impeaching a witness's trial testimony. SeeState v. Tenbrook (C.P. 1987), 34 Ohio Misc.2d 14, 15,517 N.E.2d 1046, 1048. An appellate court reviews the trial court's decision as to whether the defendant has demonstrated a particularized need under an abuse-of-discretion standard. Webb, supra, at 337,638 N.E.2d at 1034; State v. Elliot (Dec. 24, 1996), Hamilton App. No. C-960072, unreported. Here, the state is using grand-jury testimony as substantive evidence in its case-in-chief and the offender seeks to review that evidence.
Second, once a case reaches the sexual-predator-hearing stage of the proceedings, particularly when the accused has been in prison for a number of years as in this case, the accepted reasons for maintaining grand-jury secrecy are not as compelling. On the other hand, R.C. 2950.09 provides the sexually-oriented offender with numerous procedural protections, including the right to present evidence and to examine and cross-examine witnesses.Lance, supra. These specifically enumerated procedural protections have caused this court to conclude that the statutory scheme set forth in R.C. Chapter 2950 does not violate a sexually-oriented offender's right to procedural due process, because it affords the opportunity to protect liberty interests at a meaningful time and in a meaningful manner. State v. Parsons
(Nov. 26, 1999), Hamilton App. No. C-980900, unreported; Lance,supra. We have stated that "the statute affords the offender ample opportunity to counter any erroneous information the state may present and to challenge the legislative assumptions regarding recidivism." Lance, supra. We review violations of this statute under a contrary-to-law standard. See Parsons, supra.
In this case, the only evidence presented at the sexual-predator hearing was the grand-jury testimony. Green had no way to rebut or counter that evidence without seeing it. Thus, he had a particularized need to inspect the grand jury-testimony. Further, weighing the need for secrecy of the grand-jury proceedings at this stage of the proceedings versus the offender's right to due process and fundamental fairness, the balance weighs in favor of allowing Green to view the transcript of the grand-jury proceedings. We hold that the ends of justice required the trial court to give Green the opportunity to inspect the grand-jury transcripts. Because he was denied that opportunity, Green's right to procedural due process embodied in the provisions of R.C. 2950.09 was violated, and the trial court's decision was therefore contrary to law.
Accordingly, we sustain Green's fifth assignment of error. We reverse the judgment of the trial court finding Green to be a sexual predator and remand the matter for a new hearing. In light of our disposition of Green's fifth assignment error, we find his fourth assignment of error, in which he claims that the trial court's judgment is against the manifest weight of the evidence, to be moot. We, therefore, decline to address it. See App.R. 12(A)(1)(c).
Judgment reversed and cause remanded.
 ______________________ PER CURIAM
 Doan, P.J., Gorman and Painter, JJ.