{¶ 16} I respectfully dissent from the decision of the majority, and would reverse the order of the trial court denying Appellant Webb's petition and remand the case for further proceedings on his request.
 {¶ 17} In denying Webb's petition, the trial court applied the "particularized need" standard announced in State v.Patterson (1971), 28 Ohio St.2d 181, finding that Webb failed to demonstrate a particularized need for disclosure of the deputies' grand jury testimony that led to Webb's criminal indictment. The majority cites the same standard, relying on the more recent decision in State v. Greer (1981), 66 Ohio St.2d 139, which held:
 {¶ 18} "Grand jury proceedings are secret, and an accused is not entitled to inspect grand jury transcripts either before or during trial unless the ends of justice require it and there is a showing by the defense that a particularized need for disclosure exists which outweighs the need for secrecy. (Paragraph three of the syllabus in State v. Patterson, 28 Ohio St.2d 181,277 N.E.2d 201. Approved and followed.)" Id., Syllabus by the Court, paragraph 2.
 {¶ 19} Patterson, Greer and the earlier cases such asState v. Lasky (1970), 21 Ohio St.2d 187, in which the particularized need standard was applied, were criminal cases in which an accused sought discovery of grand jury minutes from the court in which the criminal changes were pending, to use for exculpatory purposes. In Greer, the court held:
 {¶ 20} "Whether particularized need for disclosure of grand jury testimony is shown is a question of fact; but, generally, it is shown where from a consideration of all the surrounding circumstances it is probable that the failure to disclose the testimony will deprive the defendant of a fair adjudication of the allegations placed in issue by the witness' trial testimony."Id., Syllabus by the Court, paragraph 3.
 {¶ 21} In criminal cases, an accused's request for disclosure of the grand jury testimony of a state's witnesses is essentially reactive, one weighed in relation to trial testimony a state's witness has given or which is anticipated. Civ.R. 16(B)(1)(g) governs the first circumstance. The "particularized need" test there employed has been extended to pretrial discovery requests in criminal cases. Greer.
 {¶ 22} One year prior to its holding in Greer, the Supreme Court decided Petition For Disclosure Of Evidence Presented ToFranklin County Grand Juries In 1970 (1980), 63 Ohio St.2d 212. In that case, the request for disclosure of grand jury testimony was made by a defendant, but not in a criminal case pending before the court in which the request was made. Rather, the request was made in connection with a civil case brought in U.S. District Court. The subject of the request was testimony that had led to the defendant's criminal indictment in state court arising from the conduct at issue in the federal civil case. The criminal charges had either been dismissed or were terminated by an acquittal.
 {¶ 23} In Petition For Disclosure, the common pleas court denied the disclosure request and the court of appeals affirmed. The Supreme Court reversed, finding that the lower courts had failed to consider the efficacy of a protective order to limit unwarranted disclosures. In so finding, the Supreme Court wrote:
 {¶ 24} "We hold that R.C. 2329.11 allows the court which supervises a grand jury to disclose evidence presented to the grand jury, where justice requires, in civil as well as criminal actions. Such disclosure can be ordered only after the court carefully weighs the need to maintain the secrecy of the grand jury proceedings against petitioner's need for the information and determines that justice can only be done if disclosure is made." Id. at 218.
 {¶ 25} The Supreme court further noted in Petition ForDisclosure that "a petition to the court which supervised a grand jury is the proper means of obtaining release of grand jury minutes," because "[t]he supervisory court is in the best position to assess the need to preserve secrecy over the proceedings." The Supreme Court cautioned, however: "We also recognize that the supervisory court may not be in the best position to decide the extent of need for the information."Id., at 218-219.
 {¶ 26} This last observation reflects the context in which the request was made. In Petition For Disclosure, unlike inPatterson, Greer, and Lasky, the information was sought not for use in a criminal case pending before the supervisory court or another court in its division, but for use in different proceeding, a civil proceeding, commenced in a wholly separate court. Therefore, the usual criteria on which a "particularized need" test is resolved, relevance and probative value, are more difficult for the supervisory court to weigh and determine. For that reason, perhaps, the Supreme Court stated that "[t]he supervisory court's ability to make such a decision must be resolved in a case-by-case manner. Initially, this decision should be made by the trial court, subject to review." Id., at 219.
 {¶ 27} It is significant that the "particularized need" standard that figures so prominently in Patterson, Lasky, andGreer was not likewise applied in Petition For Disclosure . Instead, the court applied the broader and more general standard of what "justice requires," perhaps reflecting the Supreme Court's expressed reservations about the supervisory court's difficulty in finding that a "particularized need," that is at least an actual and palpable need, is shown when the case for which disclosure is sought is not one which is before that court. The difference of forums compounds the problem of anticipation, which is at least subject to a later modification when the court that denies a petition for disclosure also tries the case.
 {¶ 28} As against the need for the information which is presented, the court must weigh the need to maintain the secrecy of the grand jury proceedings. In that connection, the PetitionFor Disclosure decision expressly approved the following criteria in United States v. Rose (C.A. 3, 1934), 215 F2d 617:
 {¶ 29} "(1) To prevent the escape of those whose indictment may be contemplated; (2) to insure the utmost freedom to the grand jury in its deliberations, and to prevent persons subject to indictment or their friends from importuning the grand jurors; (3) to prevent subornation of perjury or tampering with the witnesses who may testify before grand jury and later appear at the trial of those indicted by it; (4) to encourage free and untrammeled disclosures by persons who have information with respect to the commission of crimes; (5) to protect innocent accused who is exonerated from disclosure of the fact that he has been under investigation, and from the expense of standing trial where there was no probability of guilt." Id. At 628-629.
 {¶ 30} In order to prove his claims for false arrest, abuse of process, and infliction of emotional distress, Webb will have the burden to prove that the deputy or deputies acted recklessly or with a malicious purpose. I agree that what the deputies may have told the grand jury is not necessarily conclusive of their purposes in their prior conduct. However, their testimony may corroborate such a purpose. Further, their testimony may prove Webb's claim for malicious prosecution if it is consistent with their prior conduct and if, when the deputies testified, they knew or should have known the true facts were otherwise.
 {¶ 31} Applying the Rose criteria, there is little if any reason to maintain the secrecy of the testimony the deputies gave before the grand jury. As in Petition For Disclosure, the indictment charging Webb with criminal offenses was dismissed. No criminal case is pending, and none will be brought against Webb. Except in the most general sense, which exists in any case, there is no basis to find that the need for secrecy outweighs Webb's need for the information he seeks in order to prove his claims for relief in his federal civil case.
 {¶ 32} As a final matter, we should not lose sight of the fact that Webb's claims for relief in his federal civil case present a potential basis for liability for Greene County and its Sheriff's Department, as well as one or more Greene County deputy sheriffs individually. In that circumstance, the court should avoid an appearance of partiality, proceeding instead with caution to "carefully weigh" the needs presented. Greer. Webb has sought only the testimony of the deputies which led to his mistaken indictment. He has not sought a wide variety of grand jury minutes. As the Supreme Court pointed out in Greer, any collateral needs of secrecy, if there are any, may be adequately met through narrow protective orders.
 {¶ 33} I believe that the trial court erred when it applied the "particularized need" test to deny Webb's petition. The court should have applied the broader ends of "justice" standard in Petition For Disclosure. Applying that standard, and theRose criteria, I would find that Webb's petition should instead have been granted, and on that finding reverse and remand the case for further proceedings.