[Cite as *Stakich v. Russo*, 2014-Ohio-2526.]

STATE OF OHIO, CUYAHOGA COUNTY

IN THE COURT OF APPEALS

EIGHTH DISTRICT

| | | |
|---|---|---|
| STEVEN STAKICH, | ) | |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | CASE NO. CA 99488 |
| VS. | ) | |
| | ) | OPINION |
| NANCY MARGARET RUSSO, et al., | ) | |
| | ) | |
| DEFENDANTS-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:        Civil Appeal from Court of Common
Pleas of Cuyahoga County, Ohio
Case No. CP CV-753281

JUDGMENT:        Affirmed

APPEARANCES:
For Plaintiff-Appellee        Attorney Robert A. Marcis, II
22649 Lorain Road
Fairview Park, Ohio 44126

For Defendant-Appellant        Timothy J. McGinty, Prosecutor
Dale F. Pelsozy
Assistant Prosecutor
Justice Center, Courts Tower
1200 Ontario Street – 8th Floor
Cleveland, Ohio 44113

JUDGES:

Hon. Gene Donofrio
Hon. Joseph J. Vukovich
Hon. Mary DeGenaro

Dated: June 12, 2014

DONOFRIO, J.

{¶1} Defendant-appellant, Vincent Scalmato, appeals from a Cuyahoga County Common Pleas Court judgment ruling that certain grand jury testimony given by appellant could be used during discovery depositions.

{¶2} Some background information leading up to the present case is helpful. In 2009, a Cuyahoga County Grand Jury indicted plaintiff-appellee, Steven Stakich, on three felony charges of menacing by stalking (the criminal case). Appellant, who is a Cuyahoga County Sheriff's Deputy, was the only witness to testify at the grand jury proceedings. The victim of the alleged stalking was Cuyahoga County Common Pleas Court Judge Nancy Margaret Russo. At the state's request, the criminal charges against appellee were later dismissed.

{¶3} In 2011, appellee filed a civil complaint against appellant, individually and as a Cuyahoga County Sheriff's Deputy, Judge Russo, and the Cuyahoga County Sheriff's Department. Appellee's amended complaint accused the defendants of malicious prosecution and intentional infliction of emotional distress, among other claims.

{¶4} During discovery, appellee filed a copy of the grand jury transcript under seal. Appellee stated that Judge Corrigan, who presided over the criminal case, had released the grand jury transcript. The trial court ordered appellee to provide a copy to opposing counsel and also ordered a copy for the court under seal.

{¶5} Appellee attempted to use the transcript while deposing Cuyahoga County Assistant Prosecutor Diane Russell. Prosecutor Russell was the attorney who questioned appellant at the grand jury proceedings. Appellant's counsel objected to the use of the grand jury transcript at Prosecutor Russell's deposition on the grounds of privilege. Appellee later re-subpoenaed Prosecutor Russell. The county prosecutor's office filed a motion to quash subpoena and for a protective order arguing that grand jury information and testimony is confidential pursuant to R.C. 2939.11. Appellee filed a brief in opposition.

{¶6} Next, appellant filed a motion for a protective order concerning the grand jury testimony.

{¶7} Appellee then deposed appellant. During appellant's deposition, appellee's counsel attempted to question him using his grand jury testimony. Upon the advice of counsel, appellant refused to answer any questions regarding his grand jury testimony. Appellee subsequently filed a motion to compel appellant to answer certain questions at his deposition.

{¶8} The trial court ruled on these, as well as various other pending motions. As to the release of the grand jury transcript, the court first summarized the parties' arguments. It noted the defendants maintained that grand jury proceedings are secret, that no court had authorized the release of the transcript, and that appellee failed to demonstrate a particularized need for the transcript. On the other hand, the court noted that appellee argued that he already demonstrated particularized need and both Judge Corrigan in the criminal case and the trial court in this case had permitted release of the transcript.

{¶9} The court stated appellee was incorrect in its assertion that it had ordered the release of the grand jury transcript. The court stated that when appellee's former counsel in this case disclosed that he had a copy of the transcript, the court agreed with defense counsel that all parties were entitled to equal access to the information. Thus, the court in this case ordered a copy delivered to defense counsel and to the court, under seal.

{¶10} The court next found that Judge Corrigan did allow disclosure of the grand jury proceedings and provided the transcript to the parties in the criminal case. It noted the docket in the criminal case confirmed that Judge Corrigan ordered the transcript for an in camera inspection. It also noted that the record in the criminal case was silent after that. However, the trial court explained that Judge Corrigan averred in his affidavit that upon the in-camera review of the transcript and because he had found a particularized need, he made the transcript available to the parties in the criminal case. The trial court found that Judge Corrigan was in the best position to assess appellee's need to overcome the secrecy of the grand jury proceedings. Thus, the trial court found the transcript was previously released and, therefore,

appellant and Judge Russo could not rely upon the secrecy of the proceedings to support their objections. Consequently, the court ruled that appellee was permitted to use the grand jury transcript in deposing appellant and Prosecutor Russell.

{¶11} Appellant filed a timely notice of appeal on January 30, 2013.

{¶12} Initially, we must address appellee's argument that the trial court's order is not a final appealable order. He contends that Judge Corrigan released the grand jury transcript during the criminal case. Therefore, he asserts, because the grand jury transcript was previously disseminated, it was no longer privileged. Additionally, he argues that all parties and counsel who would be present at the depositions have already reviewed the grand jury testimony. Because the trial court order on appeal will not result in the disclosure of any privileged matter, appellee asserts, the order does not grant or deny a provisional remedy and, therefore, is not a final appealable order.

{¶13} This court has already ruled on this issue.

{¶14} Appellee filed a motion to dismiss for lack of appellate jurisdiction on February 26, 2013. In his motion, appellee argued that the grand jury transcript was released to the parties by Judge Corrigan, who presided over the criminal case, more than three years prior. Therefore, appellee argued, any privilege that may have attached to the grand jury proceedings was removed when Judge Corrigan released the transcript to the parties. Thus, he contended the grand jury transcript was no longer privileged material. And because the transcript was no longer privileged, appellee argued, the order on appeal did not pertain to a "privileged matter" and did not grant or deny a "provisional remedy." Therefore, appellee asserted the order was not a final, appealable order under R.C. 2505.02(B)(4).

{¶15} In a March 19, 2013 judgment entry, this court denied appellee's motion to dismiss. It noted that the determination that a discovery matter is or is not privileged is an appealable issue.

{¶16} Therefore, because this court has already determined that the order before us is a final, appealable order we need not further address the issue.

{¶17} Moreover, pursuant to R.C. 2505.02(B)(4), a final appealable order includes:

(4) An order that grants or denies a provisional remedy and to which both of the following apply:

(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

{¶18} By definition, a "provisional remedy" is "a proceeding ancillary to an action" and includes a proceeding for discovery of privileged matter. R.C. 2505.02(A)(3). Whether or not the grand jury transcript is privileged is the central issue in this appeal. Thus, the trial court's order allowing the parties to use the grand jury transcript determined the action with respect to a provisional remedy within R.C. 2505.02(A)(3)'s definition. Moreover, appellant would not be afforded a meaningful remedy by an appeal after a final judgment in the action because his grand jury testimony would have already been used at his deposition. Therefore, the trial court's judgment allowing the parties to use the grand jury transcript is a final, appealable order.

{¶19} Next, we must consider appellant's sole assignment of error that states:

THE COURT ERRED IN ALLOWING THE USE OF GRAND JURY TESTIMONY IN THE ABSENCE OF A JOURNALIZED FINDING OF A PARTICULARIZED NEED.

{¶20} Appellant first argues that appellee's counsel is in wrongful possession of the grand jury transcript because Judge Corrigan never issued an order releasing it. He points out that although Judge Corrigan has offered an affidavit stating that he

released the transcript to the parties in the criminal case, there is no order in the criminal docket evidencing this. And it points out that the trial court in this case never ordered the release of the transcript.

**{¶21}** Appellant next points out that the secrecy of grand jury proceedings is to be maintained. He contends appellee did not demonstrate any particularized need, as is required, to release the grand jury transcript. Appellant states that the gist of appellee's claim here is that appellant lied to the grand jury. But appellant argues a witness is immune from civil liability for giving false testimony. Therefore, appellant asserts that even if he lied to the grand jury, which he denies, he is immune from liability for such testimony.

**{¶22}** Finally, appellant asserts appellee has not demonstrated a particularized need for the grand jury transcript. Appellant contends appellee only wants to use the grand jury transcript for impeachment purposes but appellee has not established that there is a discrepancy between appellant's testimony before the grand jury and at the deposition.

**{¶23}** We review a trial court's decision on whether or not to release grand jury testimony for abuse of discretion. *Tourlakis v. Beverage Distributors, Inc.*, 8th Dist. No. 81222, 2002-Ohio-7252, ¶31. Abuse of discretion connotes more than an error of law or judgment; it implies the court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

**{¶24}** Grand jury proceedings are secret. Therefore, a party is not entitled to grand jury transcripts unless required by justice and demonstrated by a particularized need for disclosure which outweighs the need for secrecy. *State v. Coley*, 93 Ohio St.3d 253, 261, 754 N.E.2d 1129 (2001), citing *State v. Greer*, 66 Ohio St.2d 139, 420 N.E.2d 982 (1981).

**{¶25}** The court that supervises a grand jury may disclose evidence presented to the grand jury, where justice requires, in civil as well as criminal actions. *In re Petition for Disclosure of Evidence Presented to Franklin County Grand Juries in*

*1970*, 63 Ohio St.2d 212, 218, 407 N.E.2d 513 (1980). The court can order disclosure only after it carefully weighs the need to maintain the secrecy of the grand jury proceedings against the petitioner's need for the information and determines that justice can only be done if disclosure is made. *Id.*

{¶26} In this case, the grand jury transcript was not actually released by the trial court in this action but instead by the judge in the criminal case.

{¶27} The docket of the criminal case reveals that on April 9, 2010, appellee filed a motion for the grand jury transcript. And on April 14, 2010, the court ordered that the grand jury testimony be transcribed and delivered to Judge Corrigan for an in-camera inspection. There is no further mention on the criminal docket of the grand jury transcript.

{¶28} Appellee filed the affidavit of Judge Corrigan in the present case. Judge Corrigan averred that he presided over appellee's criminal case. (Corrigan Aff. ¶5). He further averred that his memory was sound as to the facts, pleadings, and circumstances of appellee's criminal case, particularly because he is professionally acquainted with Judge Russo, who was the alleged victim in that case. (Corrigan Aff. ¶5). Judge Corrigan averred that appellee requested a copy of the grand jury testimony. (Corrigan Aff. ¶6). He further averred that to protect the integrity of the grand jury, he reviewed the grand jury transcript in camera. (Corrigan Aff. ¶6). The Judge then averred that after his in-camera review and because he found a particularized need, he made the transcript available to both parties. (Corrigan Aff. ¶6). Finally, Judge Corrigan averred that everything related to his review and release of the grand jury transcript was done with both the state's and the defense's knowledge. (Corrigan Aff. ¶6).

{¶29} Thus, the secrecy of the grand jury proceedings was compromised well before the present action was filed. Once Judge Corrigan released the grand jury transcript to appellee and the state, the proceedings were no longer a secret.

{¶30} Appellant argues that because there is no entry on the criminal docket reflecting that Judge Corrigan ordered the release of the grand jury transcript, the

Judge never released the transcript. The problem with this argument, however, is that appellee had a copy of the transcript. Presumably, a party cannot obtain a copy of a secret grand jury transcript unless a court releases the transcript to that party. Moreover, the trial court found that Judge Corrigan, based on his familiarity with the criminal case and his review of the transcript, was in the best position to assess appellee's need to overcome the secrecy of the grand jury proceedings.

{¶31} Appellant next argues that appellee did not demonstrate a particularized need for the grand jury transcript. This is a case for malicious prosecution and intentional infliction of emotional distress. In assessing a petitioner's need for grand jury testimony in the context of malicious prosecution and defamation claims, courts have found allegations that people lied to a grand jury insufficient to establish a particularized need for the transcripts that outweighed the need for keeping them secret because witnesses are immune from civil liability for giving false statements. *Tourlakis*, 2002-Ohio-7252, at ¶33, citing *Wurth v. Ermo Marketing Co.*, 125 Ohio App.3d 494, 708 N.E.2d 1057 (6th Dist.1998). However, the United States Supreme Court has recognized particularized need in order "'to impeach a witness, to refresh his recollection, to test his credibility and the like.'" *Wurth* at 500, quoting *United States v. Procter & Gamble*, 356 U.S. 677, 683, 78 S.Ct. 983, 2 L.Ed.2d 1077 (1958).

{¶32} In this case, appellee seeks to use the grand jury testimony to impeach appellant's deposition statements and test his credibility as well as to establish that appellant lied to the grand jury. Given appellee's reasons for requesting the grand jury testimony in addition to the fact that the grand jury testimony had already been released by Judge Corrigan, we cannot conclude that the trial court abused its discretion in allowing the use of the transcript here.

{¶33} Finally, appellant argues appellee wants to use the grand jury transcript for impeachment purposes but he has not established there is a discrepancy between appellant's testimony before the grand jury and at the deposition. But appellant fails to consider how appellee could establish a discrepancy between

appellant's testimony before the grand jury and appellant's answers at his deposition when appellant refused to answer any questions at his deposition regarding his grand jury testimony. Until appellee received a court order that he was permitted to use the grand jury transcript, he would be unable to establish any discrepancies.

{¶34} Based on the above, the trial court did not abuse its discretion in ruling that appellee is permitted to use the previously disclosed grand jury transcript while conducting his depositions in this case.

{¶35} Accordingly, for the reasons stated above, appellant's assignment of error is without merit.

{¶36} For the reasons stated above, the trial court's judgment is hereby affirmed.

Vukovich, J.,

DeGenaro, P.J.,

APPROVED:

_____
Gene Donofrio, Judge