[Cite as *State v. Smith*, 2025-Ohio-5512.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

STATE OF OHIO,                                        :

    Plaintiff-Appellee,                     :

                              No. 114842

    v.                                                :

MICHAEL SMITH,                                       :

    Defendant-Appellant.               :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** December 11, 2025

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-23-682389-A

---

***Appearances:***

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Owen Knapp, Assistant Prosecuting Attorney, *for appellee.*

Michael Smith, *pro se.*

LISA B. FORBES, P.J.:

{¶ 1} Pro se appellant Michael Smith ("Smith") appeals the trial court's denial of his petition to obtain the grand-jury transcripts and evidence from a criminal proceeding in which a Cuyahoga County Grand Jury declined to charge him

with a crime.  For the reasons set forth below, we affirm the judgment of the trial court.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2}   The docket in this case shows that Smith was arrested on April 4, 2023, on allegations of having committed felonious assault in violation of R.C. 2903.11.  The criminal allegation was brought before the Cuyahoga County Grand Jury on June 27, 2023. The grand jury declined to indict Smith, returning a no bill against him.

{¶ 3}   On December 18, 2023, Smith filed a petition to obtain the transcript of the grand-jury proceedings as well as "a copy of the case file with the exhibits and notes from detectives."  Smith's petition asserted that these items were needed for a civil suit he had filed against the complaining parties in the criminal case, i.e., the alleged victims, who, as part of the civil action, had raised a counterclaim against Smith for assault.  Smith's petition provided the civil case number and noted that the civil case arose from the same incident that was subject to the grand-jury proceedings.  Smith asserted he needed the grand-jury transcripts so that he could, among other things, "impeach the 'Defendants' in that civil case."  Specifically, he stated:

> The ends of justice require that [I] be permitted to have a copy of the grand jury transcript for the other judicial proceeding.  It is believed that several persons who testified at the grand jury have also given a statement or statements to the police and possibly to other persons.  Their testimony at the grand jury may be inconsistent with the statements they made.  One or more of their statements or testimony at the grand jury may contain exculpatory information.  If such is the

case, [I] need to know prior to trial in order to effectively prepare a defense for the civil case involving the same private parties. If [I] do not receive the statements prior to trial, there may be a long delay so that [I] can sift through potentially multiple statements of some witnesses. It is possible that if inconsistencies exist, [I] will need time to show the untruths that are being told.

. . .

[I] demonstrate a particularized need for the Grand Jury transcripts, as the proceedings contain facts that are crucial to determining fault in the civil case. These facts are not obtainable from any other source. The disclosure will also enhance judicial efficiency by potentially resolving the civil case through doctrines such as Res Judicata, Collateral Estoppel, or Unclean Hands. The established facts from the Grand Jury can streamline the civil proceedings, conserving judicial resources.

{¶ 4} On January 29, 2025, the trial court summarily denied Smith's petition in a journal entry that stated: "Petition to obtain grand jury transcripts and case file with exhibits is denied." On appeal, Smith raises two assignments of error, which are recited verbatim below:

I. The trial court abused its discretion by its ambiguous journal entry in denying and without having an in-camera inspection, the Appellant's Petition to Obtain Grand Jury Transcripts and Case File with Exhibits in accordance with Ohio Crim Rule 6(e).

II. The trial court erred by not analyzing why the Court is denying the Petition to allow the upper courts to analyze the decision thoroughly.

## II. LAW AND ANALYSIS

### A. Standard of Review

{¶ 5} The proceedings before a grand jury are generally secret in nature. *See Stakich v. Russo*, 2014-Ohio-2526, ¶ 24 (8th Dist.); *see also* Crim.R. 6(E); R.C. 2939.11. The disclosure of testimony and other evidence that has been

presented before the grand jury is permitted only when "'the ends of justice require it,'" and the petitioner has shown that a "'particularized need for disclosure exists which outweighs the need for secrecy.'" *State v. Coley*, 93 Ohio St.3d 253, 261 (2001), quoting *State v. Greer*, 66 Ohio St.2d 139 (1981), paragraph two of the syllabus. "Such a need exists "'when the circumstances reveal a probability that the failure to provide the grand jury testimony will deny the defendant a fair trial.'"" *State v. Benge*, 75 Ohio St.3d 136, 145 (1996), quoting *State v. Davis*, 38 Ohio St.3d 361, 364-365 (1988), quoting *State v. Sellards*, 17 Ohio St.3d 169, 173 (1985).

{¶ 6} A "particularized need" for disclosure of grand-jury proceedings may arise when such disclosure is necessary to impeach a witness, refresh recollection, or test credibility. *See Greer* at 145, citing *United States v. Procter & Gamble Co.*, 356 U.S. 677 (1958). However, the Ohio Supreme Court, this court, and other courts across the state have consistently held that the "particularized need" requirement is not satisfied by mere speculation that a witness's trial testimony may be inconsistent with his or her grand-jury testimony, thereby making the transcripts useful for impeachment purposes. *See State v. Webb*, 70 Ohio St.3d 325 (1994) (Affirming denial of a request for grand-jury transcripts where the petitioner failed to specify a particularized need by arguing "that the grand jury testimony might have contained material evidence or might have aided his cross-examination of [witnesses] by revealing contradictions," because "these arguments could be made in every case."); *see also State v. Waters*, 2017-Ohio-650, ¶ 36 (8th Dist.); *State v. Godfrey*, 2009-Ohio-547, ¶ 15 (3d Dist.) ("Release of grand jury testimony requires a showing of

particularized need, which cannot be established on the basis of speculative pretrial allegations of potentially inconsistent testimony."); *State v. Harper*, 2013-Ohio-3897, ¶ 22 (5th Dist.) ("The claim that a witness's grand jury testimony may differ from trial testimony is insufficient to show a particularized need."); *State v. Perkins*, 2010-Ohio-5161, ¶ 49 (2d Dist.).

{¶ 7} "Determining whether there exists a particularized need is a matter within the trial court's discretion." *Benge* at 145, citing, *Greer* at 148. The ultimate decision whether to release grand-jury testimony and evidence is also within the trial court's discretion and will not be reversed absent an abuse of that discretion. *See State v. Marshall*, 2016-Ohio-100, ¶ 7 (8th Dist.); *see also Greer* at paragraph one of the syllabus. "An abuse of discretion 'implies that the court's attitude is unreasonable, arbitrary or unconscionable.'" *W.A.F.P., Inc. v. Sky Fuel Inc.*, 2024-Ohio-3297, ¶ 13 (8th Dist.), quoting *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). A court commits an abuse of discretion by "exercising its judgment, in an unwarranted way, in regard to a matter over which it has discretionary authority." *Johnson v. Abdullah*, 2021-Ohio-3304, ¶ 35.

### B. Smith's First Assignment of Error

{¶ 8} In his first assignment of error, Smith argues that the trial court abused its discretion in denying his petition for disclosure of the grand-jury proceedings without first conducting an in camera inspection to determine whether a particularized need for disclosure existed. We find no merit to this argument and overrule it.

{¶ 9} As the petitioner seeking grand-jury transcripts and evidence, Smith bore the burden of affirmatively demonstrating a particularized need for disclosure that outweighed the need for grand jury secrecy. *See Coley*, 93 Ohio St.3d at 261. The showing of a particularized need is a threshold requirement for obtaining these otherwise secret proceedings. *See State v. Curran*, 2006-Ohio-773, ¶ 16 (2d Dist.) ("The showing of 'particularized need' is a threshold requirement, and it requires a [petitioner] to make a showing that it is probable that the [petitioner] will not obtain [a fair trial] without disclosure . . . ."). Although a trial court may conduct an in camera review of the grand-jury proceedings in considering whether a particularized need has been shown, it is not obligated to do so. *See Greer*, 66 Ohio St.2d at 150; *State v. Downs*, 2017-Ohio-1014, ¶ 56 (7th Dist.) ("The trial court is within its right to find a particularized need was not shown without doing an in camera review of the grand jury transcripts.").

{¶ 10} In this case, it is clear from the face of Smith's petition that he failed to assert a particularized need for the grand-jury transcript and evidence. To begin, in his petition, Smith makes only a vague reference to a civil case that he has filed against the parties that were allegedly the complaining parties in the criminal proceeding that resulted in grand-jury proceedings against him. Smith neither attached the civil complaint as an exhibit nor provided any meaningful details regarding the case or its underlying facts, aside from providing the civil case number and stating that the defendants in the case had filed a counterclaim against him for assault.

{¶ 11} Smith offered three reasons for needing the grand-jury proceedings: (1) the witnesses who testified before the grand jury may give inconsistent testimony in connection with the civil case; (2) in essence, it would be time- and cost-effective to have the grand-jury testimony and evidence because it is relevant to his civil case; and (3) the "established facts from the Grand Jury can streamline the civil proceedings, conserving judicial resources." None of these arguments give rise to a particularized need for disclosure.

{¶ 12} First, we do not know whether the complaining parties in the criminal case even testified before the grand jury. However, even if they had testified, mere speculation that a witness or witnesses may testify in a manner inconsistent with their grand-jury testimony is not sufficient to show a particularized need for the disclosure of grand-jury proceedings. *See, e.g., Webb*, 70 Ohio St.3d at 337.

{¶ 13} Second, a petitioner does not show a particularized need for grand-jury transcripts and evidence simply because gathering similar information through other means of discovery would be time consuming and/or costly. *See Sherrod v. Haller*, 2017-Ohio-5614, ¶ 9 (2d Dist.), citing *Procter & Gamble Co.*, 356 U.S. at 682 (Explaining that while grand-jury transcripts may be relevant and potentially useful in a civil case because if "made available, [then appellants' need to engage in] discovery through depositions, which might involve delay and substantial costs, would be avoided," this rationale "fall[s] short of proof that without the transcript[s] [Appellants] would be greatly prejudiced or that . . . an injustice would be done.").

{¶ 14} Finally, Smith's assertion that "established facts from the Grand Jury" could streamline his civil case through "doctrines such as Res Judicata, Collateral Estoppel, or Unclean Hands" reflects a misunderstanding of grand-jury proceedings. The action of a grand jury — whether it be to indict or return a no bill against the defendant — does not establish any facts or resolve issues for later criminal or civil proceedings. Rather, an indictment merely reflects that a grand jury determined the prosecution established probable cause that a crime has been committed. *See State v. Lucas*, 2021-Ohio-437, ¶ 24 (8th Dist.), citing *State v. Thomas*, 2017-Ohio-957 (8th Dist.). That the grand jury returned a no bill in Smith's case does not, therefore, resolve or preclude the civil counterclaim against him. While it is true that the grand jury's decision to return a no bill against Smith may aid Smith in his defense against the civil counterclaim, the no bill is already public information and can be acquired from the court's criminal docket. In other words, Smith does not need to obtain the confidential grand-jury proceedings to pursue his stated goal of challenging the civil counterclaim by referencing the no bill. The publicly available no bill document already serves that purpose.

{¶ 15} In sum, Smith failed to demonstrate a particularized need for the grand-jury proceedings, and the trial court was not obligated to conduct an in camera review. Accordingly, the trial court did not abuse its discretion in denying Smith's petition.

### C. Smith's Second Assignment of Error

{¶ 16} In his second assignment of error, Smith contends that the trial court's judgment entry summarily denying his petition is too vague to permit meaningful appellate review. According to Smith, "the trial court should have issued a detailed opinion or journal entry explaining the basis for its decision," and that without this information this court cannot review the judgment, nor determine that it was denied based on a failure of particularized need. We disagree.

{¶ 17} Smith cites no rule, statute, or precedent requiring a trial court to set forth its reasons when denying a petitioner's request for grand-jury materials. *See Strauss v. Strauss*, 2011-Ohio-3831, ¶ 72 (8th Dist.) (Noting that it is not this court's "duty to search for law in support of an appellant's argument on appeal."). In any event, Smith's petition, on its face, failed to satisfy the "particularized need" standard, which is a threshold requirement for disclosure of grand-jury transcripts. *See Curran*, 2006-Ohio-773, at ¶ 16 (8th Dist.). Based on the record before us, we conclude that meaningful appellate review of the judgment is possible and find no error in the trial court's denial of the petition. Accordingly, Smith's second assignment of error is overruled.

## III. CONCLUSION

{¶ 18} For the foregoing reasons, we overrule appellant's assignments of error and affirm the decision of the trial court denying appellant's petition for grand-jury transcripts and evidence.

{¶ 19} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LISA B. FORBES, PRESIDING JUDGE

EMANUELLA D. GROVES, J., and
MICHAEL JOHN RYAN, J., CONCUR