[Cite as *State v. Bradley*, 2015-Ohio-319.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 101590**

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**DEANGELO BRADLEY**

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED IN PART, REVERSED IN PART,
AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-13-580620-A

**BEFORE:** E.T. Gallagher, J., Celebrezze, A.J., and Jones, J.

**RELEASED AND JOURNALIZED:** January 29, 2015

**ATTORNEYS FOR APPELLANT**

Robert L. Tobik
Cuyahoga County Public Defender

BY:     Jeffrey Gamso
Assistant Public Defender
310 Lakeside Avenue
Suite 200
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY:     John Patrick Colan
Assistant Prosecuting Attorney
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

EILEEN T. GALLAGHER, J.:

{¶1} Defendant-appellant, Deangelo Bradley ("Bradley"), appeals his sentence and raises

the following two assignments of error for our review:

> I. The trial court abused its discretion when it imposed costs and fees in the
> journalized sentencing entry after it had announced at the sentencing hearing that
> costs and fees would be waived.
>
> II. The trial court committed error in imposing restitution in an uncertain amount.

{¶2} The state concedes both errors in its appellee brief but failed to comply with

Loc.App.R. 16(B), which states:

> When a party concedes an error that is dispositive of the entire appeal, the party
> conceding the error shall file a separate notice of conceded error either in lieu of
> or in addition to their responsive brief. Once all briefing is completed, the appeal
> will be randomly assigned to a merit panel for review. The appeal will be
> considered submitted on the briefs unless the assigned panel sets an oral argument
> date.

Nevertheless, after reviewing the record, we agree the trial court made these errors. We,

therefore, affirm the trial court's judgment in part and remand the case to the trial court to correct

the errors in Bradley's sentence.

## I. Factual and Procedural History

{¶3} Bradley pleaded guilty to two counts of theft, two counts of burglary, and two counts

of grand theft. The court sentenced Bradley to a four-year prison term followed by two years of

community control sanctions. As part of the community control sanctions, the court ordered

Bradley to participate in a rehabilitation program at a community-based correctional facility

("CBCF") to address his drug addiction and employment concerns. With respect to costs and

fees, the court stated in open court:

> If you want to appeal this, I'm going to appoint the Public Defender to represent you on appeal. I'm going to find that you're indigent while you're in prison. I'm going to waive your costs and fees.
>
> * * * And any transcript costs or filing fees will be paid for by the State because of your indigent status.

Notwithstanding the court's announcement in open court that court costs and fees were waived, the sentencing entry states, in relevant part:

> The defendant is ordered to perform CCWS in lieu of paying costs, paying fees. * * * CCWS starts when on CCS and after CBCF is completed.   * * *
>
> The court hereby enters judgment against defendant in an amount equal to the costs of this prosecution.

{¶4} With respect to restitution, the parties stipulated at the sentencing hearing that Bradley would pay the victims the amount of damages they suffered less any insurance proceeds they receive.   (Tr. 45, 54.)   The sentencing entry states:

> Restitution ordered in the amount of $7,500 to victim named in indictment less insurance proceeds.   (Count 6)
>
> Restitution ordered in the amount of $1,400 to the victim in indictment * * * less insurance proceeds.   (Count 10)

{¶5} Bradley now appeals the court's order of court costs, fees, and restitution in the sentencing entry, and, as previously stated, the state concedes both errors.

## II.   Law and Analysis

### A.   Costs and Fees

{¶6} In the first assignment of error, Bradley argues the trial court abused its discretion when it imposed court costs and fees in the sentencing entry after it had stated at the sentencing hearing that costs and fees were waived due to Bradley's indigency.   Bradley contends that because the sentencing entry is inconsistent with the trial court pronouncement in open court that court costs and fees were waived, this case should be remanded to the trial court for the issuance

of a nunc pro tunc entry to correct the sentencing entry to reflect what the court stated at the hearing.

**{¶7}** Although a court speaks through its journal entries, clerical errors may be corrected at any time in order to conform to the transcript of the proceedings. *State v. Steinke*, 8th Dist. Cuyahoga No. 81785, 2003-Ohio-3527, ¶ 47; Crim.R. 36. Trial courts retain continuing jurisdiction to correct these clerical errors in judgments with a nunc pro tunc entry to reflect what the court actually decided. *State ex rel. Cruzado v. Zaleski*, 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263, ¶ 18-19.

**{¶8}** In this case, the court announced in open court that it waived Bradley's court costs and fees. Yet, the sentencing entry states that Bradley "is ordered to perform CCWS in lieu of: paying costs, paying fees," and the court entered judgment against Bradley "in an amount equal to the costs of prosecution." Therefore, because the sentencing entry is inconsistent with the court's decision in open court to waive court costs and fees, the sentencing entry should be corrected by a nunc pro tunc to accurately reflect the court's decision at the sentencing hearing.

**{¶9}** The first assignment of error is sustained.

### B. Restitution

**{¶10}** In the second assignment of error, Bradley argues the trial court committed error by imposing an unspecified amount of restitution. R.C. 2929.18(A)(1), which governs restitution, states: "If the court imposes restitution, at sentencing, the court shall determine the amount of restitution to be made by the offender." Under the plain language of the statute, the trial court must determine the actual amount of restitution the defendant must pay the victim if it orders restitution as part of the sentence.

**{¶11}** The sentencing entry in this case requires that Bradley pay certain amounts of restitution to the victims. However, the actual amount Bradley must pay for restitution is not specified in the journal entry because it requires subtraction of an unknown amount of insurance proceeds before Bradley's liability can actually be determined. Therefore, the trial court's order of restitution fails to comply with R.C. 2929.18(A)(1), and the second assignment of error is sustained.

### III. Conclusion

**{¶12}** We conclude the trial court erred when it ordered Bradley to perform CCWS in lieu of paying court costs and fees in the sentencing entry, when the court waived the costs and fees in open court at the sentencing hearing. We further conclude the trial court erred in failing to specify the amount Bradley must pay to the victims in restitution.

**{¶13}** Accordingly, Bradley's assigned errors are sustained. The trial court's judgment is affirmed in part and reversed in part. We remand this case to the trial court to issue a nunc pro tunc entry reflecting the fact that the court waived court costs and fees. The trial court is also instructed to hold a hearing to determine the actual amount of restitution Bradley must pay to the victims.

It is ordered that appellee pay costs herein taxed. Costs waived.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


EILEEN T. GALLAGHER, JUDGE

FRANK D. CELEBREZZE, JR., A.J., and
LARRY A. JONES, SR., J., CONCUR