**[Cite as *State v. Leach*, 2017-Ohio-8420.]**

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | C.A. CASE NO. 2017-CA-5 |
| | : | |
| v. | : | T.C. NO. 16-CR-402 |
| | : | |
| JOSHUA D. LEACH | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

**O P I N I O N**

Rendered on the 3rd day of November, 2017.

. . . . . . . . . .

ANDREW P. PICKERING, Atty. Reg. No. 0068770, Assistant Clark County Prosecutor, 50 E. Columbia Street, Suite 449, Springfield, Ohio 45502
  Attorney for Plaintiff-Appellee

SAMANTHA L. BERKHOFER, Atty. Reg. No. 0087370, 150 N. Limestone Street, Office 218, Springfield, Ohio 45501
  Attorney for Defendant-Appellant

. . . . . . . . . . . .

FROELICH, J.

{¶ 1} Joshua D. Leach pled guilty to receiving stolen property in violation of R.C. 2913.51(A), a felony of the fourth degree. The trial court sentenced him to five years of community control, which included a six-month jail term, and ordered him to pay restitution of $123,324.88. Leach appeals, claiming that the trial court erred in ordering him to pay $123,324.88 in restitution. The State concedes error and asks that we modify the restitution amount to $81,600.

{¶ 2} For the following reasons, we agree with the parties that the trial court erred in ordering restitution of $123,324.88, but we conclude that modification of Leach's restitution is inappropriate in this case. The trial court's judgment will be reversed, and the matter will be remanded to the trial court for resentencing on restitution only, consistent with this Opinion.

## I. Procedural History

{¶ 3} On August 22, 2016, Leach was indicted for receiving stolen property (greater than or equal to $7,500, but less than $150,000), a felony of the fourth degree. The State filed a bill of particulars, which read:

> From on or about September 9, 2014 to on or about May 15, 2015, in Clark County, Ohio, Joshua D. Leach, as a continuous course of conduct, did receive, retain, or dispose of money in the approximate amount of $81,600.00 belonging to Dr. Christian Victor's business, Springfield Smiles, knowing or having reasonable cause to believe the money had been obtained through the commission of a theft offense. More specifically, Sarah Parsons was employed at Springfield Smiles as the office manager.

Over the course of approximately 8 months, Sarah Parsons wrote/issued unauthorized checks to her brother Joshua Leach, totaling approximately $81,600.00. Sarah Parsons would sign these checks using an unauthorized signature without the consent or authority to sign from Dr. Christian Victor. The approximate 39 checks totaling the $81,600.00 were not issued for work or services performed by Joshua Leach for Springfield Smiles.

{¶ 4} On December 1, 2016, Leach pled guilty to the charged offense. The plea agreement stated, "Defendant to plea[d] guilty to indictment. PSI. State to recommend community control at sentencing. Restitution to Springfield Smiles." At the plea hearing, the prosecutor informed the court that it had agreed to recommend community control and that "there would be restitution to Springfield Smiles." The prosecutor presented the facts as stated in the bill of particulars and indicated that those were the facts to which Leach was pleading guilty. The trial court conducted a plea hearing, accepted Leach's plea, and found him guilty. The court ordered a presentence investigation (PSI).

{¶ 5} The PSI included a section on "restitution information." The investigator wrote, in relevant part:

Total restitution was reported as $123,324.88. Of that amount $70,000 was reimbursed to the victim by his insurance. $53,324.88 is the amount of out of pocket expense remaining. This amount can be paid to the Adult Probation Department for disbursement to Dr. Christian Victor.

The agreed amount of restitution in the plea agreement was $81,600.

**{¶ 6}** On December 19, 2016, the trial court orally sentenced Leach to five years of community control, which included an order that Leach serve six months in jail. The court also ordered Leach to pay restitution of $123,324.88. Defense counsel objected to the restitution order, stating that the "restitution figure we agreed to and the Court accepted is different than I think what the Court [ordered.]" The trial court responded, "I understand that that was supposedly an agreement. I never agreed to that. If you want to file a motion, I would take another look at that." On December 20, 2016, the trial court issued a judgment entry reflecting its orally-imposed sentence.

## II. Restitution

**{¶ 7}** R.C. 2929.18(A)(1) gives a sentencing court discretion to order restitution to compensate the victim for economic loss. *State v. Lalain*, 136 Ohio St.3d 248, 2013-Ohio-3093, 994 N.E.2d 423, ¶ 3, ¶ 20. The amount of restitution may be based on "an amount recommended by the victim, the offender, a presentence investigation report, estimates or receipts indicating the cost of repairing or replacing property, and other information." *Id.* at ¶ 3. However, the amount of restitution cannot be greater than the amount of economic loss suffered by the victim as a direct and proximate result of the commission of the offense. *Id.* at ¶ 22; *State v. Banks*, 2d Dist. Montgomery No. 20711, 2005-Ohio-4488, ¶ 5 ("A sentence of restitution must be limited to the actual economic loss caused by the illegal conduct for which the defendant was convicted."). A restitution hearing is required if the offender, victim, or survivor disputes the amount of restitution. *Lalain* at ¶ 23, ¶ 27.

**{¶ 8}** In its appellate brief, the State notes that the PSI indicated that the total economic harm to the victim was $123,324.88. However, the State specifies that only

$81,600 of the $123,324.88 was attributable to Leach, as $81,600 represented the total amount of the checks that Parsons wrote to Leach and that Leach cashed. The State states, "There is no evidence in the record that indicates that any part of the restitution over and above $81,600 can in any way be attributed to Defendant." The State concedes error as to the amount of restitution ordered by the trial court, and asks us to modify the restitution to $81,600.

{¶ 9} We agree with the parties that the trial court erred in imposing restitution of $123,324.88. Although the PSI indicated that Dr. Victor incurred a total loss of that amount, that amount exceeded the amount of economic loss suffered as a result of Leach's conduct, which was specified in the bill of particulars. *See State v. Becraft*, 2d Dist. Clark No. 2013-CA-54, 2015-Ohio-3911, ¶ 31 ("Our review of the record reveals that the amount of the restitution ordered -- $2,000 -- is clearly and convincingly unsupported by the record because it does 'exceed the amount of the economic loss suffered by the victim as a direct and proximate result of the commission of the offense,' which was specified in the bill of particulars as $1,700."). There was no evidence that Leach's conduct, as opposed to his sister's conduct, resulted in losses amounting to $123,324.88.

{¶ 10} However, we find that modification of the restitution order to $81,600 is not the appropriate remedy in this case. At the plea hearing, the prosecutor recited the facts as stated in the bill of particulars (which indicated that the total amount of the 39 checks cashed by Leach was $81,600), and Leach agreed to those facts. However, neither the written plea agreement nor the parties' statements at the plea hearing expressly indicated that Leach had agreed to pay $81,600 in restitution. The written plea agreement simply stated, "Restitution to Springfield Smiles," and the prosecutor informed the trial court at

the plea hearing that "there would be restitution to Springfield Smiles in this case."

**{¶ 11}** In addition, the PSI indicated that Dr. Victor received $70,000 in reimbursement from his insurance carrier, and the record does not state how much of that amount was for losses caused by Leach. "We have previously stated that restitution may not exceed the victim's economic loss and therefore, the economic loss 'must be reduced by any insurance payment received.' This court has also stated that when a victim has already received payment from their insurance company an award of restitution paid by the offender to the victim would constitute impermissible double recovery." (Citations omitted.) *State v. Twitty*, 2d Dist. Montgomery No. 24296, 2011-Ohio-4725, ¶ 29.

**{¶ 12}** Leach objected to the trial court's order of restitution, but neither party raised in the trial court (or discussed in an appellate brief) the fact that Dr. Victor had received an insurance payment of $70,000. Nevertheless, a trial court abuses its discretion when it orders restitution that does not bear a reasonable relationship to the actual financial loss suffered. *State v. Woods*, 2d Dist. Clark No. 2015-CA-75, 2016-Ohio-1103, ¶ 10, citing *State v. Williams*, 34 Ohio App.3d 33, 34, 516 N.E.2d 1270 (2d Dist.1986). Accordingly, the matter must be remanded to the trial court to determine the actual economic loss suffered by the victim as a result of Leach's conduct, taking into account any offsets to the victim's economic loss, such as compensation from the victim's insurance company.

### III. Conclusion

**{¶ 13}** The trial court's judgment will be reversed, and the matter will be remanded to the trial court for resentencing on restitution only, consistent with this Opinion.

. . . . . . . . . . . . .

DONOVAN, J. and WELBAUM, J., concur.

Copies mailed to:

Andrew P. Pickering
Samantha L. Berkhofer
Hon. Douglas M. Rastatter