[Cite as *State v. Jacobs*, 2018-Ohio-671.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2017-CA-39 |
| | : | |
| v. | : | Trial Court Case No. 16-CR-429 |
| | : | |
| SIDNEY JACOBS | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 23rd day of February, 2018.

. . . . . . . . . .

ANDREW P. PICKERING, Atty. Reg. No. 0068770, Clark County Prosecutor's Office, Appellate Division,   50 E. Columbia Street, 4th Floor, Springfield, Ohio 45501
        Attorney for Plaintiff-Appellee

MARK BAMBERGER, Atty. Reg. No. 0082053, P.O. Box 189, Spring Valley, Ohio 45370
        Attorney for Defendant-Appellant

. . . . . . . . . . . . .

FROELICH, J.

{¶ 1} Sidney Jacobs appeals from a judgment of the Clark County Court of Common Pleas, which found him guilty on his guilty plea of trespass in a habitation when a person is present or likely to be present, in violation of R.C. 2911.12(B). The court sentenced him to five years of community control and ordered him to pay court costs; payment of restitution in the amount of $1,722 was one of the conditions of community control.

{¶ 2} For the following reasons, the judgment of the trial court will be affirmed in part and reversed in part, and the matter will be remanded for further consideration of the restitution order.

{¶ 3} On August 26, 2016, Jacobs was arguing with the victim's daughter outside the victim's home. Jacobs had dated the victim's daughter for about four years and had a child with her. During the course of this argument, Jacobs forced his way through the front door of the victim's home and struck the victim several times, causing injuries.

{¶ 4} On September 6, 2016, Jacobs was charged with trespass in a habitation when a person is present or likely to be present, a felony of the fourth degree, and assault, a misdemeanor of the first degree. On January 10, 2017, Jacobs reached a plea agreement with the State; Jacobs pled guilty to the felony trespass offense, in exchange for which the assault charge was dismissed. The parties' agreement did not include the nature or term of Jacobs's sentence or an amount of restitution, but Jacobs was informed that restitution could be imposed. After entering his plea, Jacobs filed an "Objection to Restitution," and a hearing was scheduled.

{¶ 5} A sentencing and restitution hearing was held on March 27, 2017. At the

hearing, the State offered two medical bills for x-rays and medical expenses incurred when the victim visited a health clinic the day after the assault; the bills totaled $1,722. The victim also testified about those bills. He further testified that he had insurance through Premier Health "through [his] disability," and that he did not pay a co-pay for the visit to the clinic following the assault. The victim stated that he did not yet know how much of the medical bills his insurance company would pay, and he had not yet paid any portion of the medical bills himself. He was "not out any money" at the time of the hearing. In orally imposing its sentence, the trial court stated Jacobs must pay restitution in the amount of $1,722, "which can be reduced by any amount that is eventually paid by the Defendant's [sic] health insurance."

**{¶ 6}** The trial court filed its judgment entry on March 30, 2017. It sentenced Jacobs to five years of community control and ordered him to pay court costs; the trial court's judgment entry did not specifically reference restitution, but it did state that Jacobs would be required to "abide by the Clark County Adult Probation Department's Regulations of Probation, which are attached hereto and incorporated herein as if fully rewritten." The attached document listed numerous general conditions of community control, such as abiding by all laws and not leaving the State without written permission of his supervising officer; it also listed "specific community control sanction terms" tailored to Jacobs's circumstances. Among the specific terms was the requirement that Jacobs pay restitution "in the amount of $1722 which may be reduced by any amount paid by the victim's health insurance," and to be paid within 12 months of Jacobs's completion of "the program at West Central Community Correctional Facility," which was also a special term of his community control.

*Restitution*

{¶ 7} On appeal, Jacobs argues that the trial court erred in ordering him to pay restitution, because there was no competent, credible evidence in the record establishing the victim's actual economic loss.

{¶ 8} With respect to restitution, R.C. 2929.18(A) provides as follows:

Except as otherwise provided in this division and in addition to imposing court costs pursuant to section 2947.23 of the Revised Code, the court imposing a sentence upon an offender for a felony may sentence the offender to any financial sanction or combination of financial sanctions authorized under this section * * *. Financial sanctions that may be imposed pursuant to this section include, but are not limited to, the following:

(1) Restitution by the offender to the victim of the offender's crime * * * in an amount based on the victim's economic loss. * * * If the court imposes restitution, the court may base the amount of restitution it orders on an amount recommended by the victim, the offender, a presentence investigation report, estimates or receipts indicating the cost of repairing or replacing property, and other information, provided that the amount the court orders as restitution shall not exceed the amount of the economic loss suffered by the victim as a direct and proximate result of the commission of the offense. * * *

{¶ 9} An order of restitution must be supported by competent, credible evidence in the record. *State v. Amburgey*, 2d Dist. Greene No. 2010 CA 14, 2011-Ohio-748, ¶

129, citing *State v. Warner*, 55 Ohio St.3d 31, 564 N.E.2d 18 (1990). "It is well settled that there must be a due process ascertainment that the amount of restitution bears some reasonable relationship to the loss suffered." *Id.*, citing *State v. Williams,* 34 Ohio App.3d 33, 34, 516 N.E.2d 1270 (2d Dist.1986). "Implicit in this principle is that the amount claimed must be established to a reasonable degree of certainty before restitution can be ordered." *Id.*, citing *State v. Golar*, 11th Dist. Lake No. 2002-L-092, 2003-Ohio-5861. The amount of restitution cannot be greater than the amount of economic loss suffered by the victim as a direct and proximate result of the commission of the offense. *State v. Leach*, 2d Dist. Clark No. 2017-CA-5, 2017-Ohio-8420, ¶ 7.

{¶ 10} An appellate court reviews the trial court's decision pertaining to restitution under an abuse of discretion standard. *Amburgey* at ¶ 130; *State v. Moore,* 2d Dist. Clark No. 2010 CA 55, 2010-Ohio-6226, ¶ 13.

### Evidence of Victim's Economic Loss

{¶ 11} At the restitution hearing, the victim testified that he received "xrays and scans" the day after his attack, for which he was billed $572, and that the "emergency room costs" were $1,150; these costs were documented by bills sent to the victim and submitted as evidence (Exhibits 1 and 2). With respect to whether these bills had been submitted "to insurance," the victim stated, "They probably were by now because I talked to my insurance company last week * * *," and that the insurance "was pending still." The victim stated that he had not yet been informed by his insurance company "what parts they would pay for and what parts they wouldn't pay for."

{¶ 12} Based on this evidence, the trial court stated at the hearing that the victim suffered economic harm of $1,722 as a result of the offense, that the medical bills had

not been paid, and that "the victim [was] personally liable for the expenses at the health center." Based on these findings, the trial court ordered Jacobs to pay restitution in the amount of $1,722 as a condition of community control. The court further stated that, "if that liability is reduced by a payment from his insurance company, then I'm willing to take a look at that change of personal liability."

{¶ 13} Jacobs argues that the restitution order was "unreasonable and improperly levied" because there was "significant disagreement" about some of the claimed expenses and because the victim's "specific loss[,] post insurance adjustment" was not established.

{¶ 14} According to Jacobs's brief, the alleged disagreement about the victim's claimed expenses fell into two categories: alleged repairs to doors, and whether the victim's injuries could have been caused by a preexisting disability. The victim admitted that he had incurred minimal expenses in repairing his doors, and the trial court did not award any restitution based on damage to the doors. Thus, we need not consider this issue further. The victim was questioned about the symptoms of his disability and about his refusal of medical care by paramedics on the day of the assault, but his testimony that he sought treatment on the day after the assault because he "ended up in the back over a recliner with [his] legs hanging over the arm of the recliner and then was hit several times again there" was largely undisputed. The trial court did not abuse its discretion in concluding that the assault caused injuries which were the basis of the medical expenses incurred the next day.

{¶ 15} With respect to insurance, the testimony at the restitution hearing established that the victim had insurance coverage for medical expenses, but he did not

know how much, if any, of the medical expenses attributable to Jacobs's conduct would be paid by his insurance. Under these circumstances, an order of restitution for the full amount of the medical bills was improper.

**{¶ 16}** We have previously held that restitution may not exceed the victim's economic loss and, therefore, the economic loss "must be reduced by any insurance payment received." *State v. Twitty*, 2d Dist. Montgomery No. 24296, 2011-Ohio-4725, ¶ 29, citing *State v. Clayton,* 2d Dist. Montgomery No. 22937, 2009-Ohio-7040, ¶ 56. When all or part of a victim's losses are covered by an insurance policy, ordering an offender to pay the victim the full amount of the loss as restitution "would constitute impermissible double recovery." *Id.*, citing *State v. Colon,* 185 Ohio App.3d 671, 2010-Ohio-492, 925 N.E.2d 212, ¶ 7 (2d Dist.). *See also Leach*, 2d Dist. Clark No. 2017-CA-5, 2017-Ohio-8420 (in case of receiving stolen property, order of restitution for full amount of business's loss was error where a portion of the loss was covered by insurance).

**{¶ 17}** Moreover, "open-ended" restitution orders, in which the victim's actual economic loss is to be established at a later date, violate a defendant's due process right to have the amount of restitution established to a reasonable degree of certainty before it is ordered. *State v. Bradley*, 8th Dist. Cuyahoga No. 101590, 2015-Ohio-319 (restitution order that required subtraction of an unknown amount of insurance proceeds failed to comply with R.C. 2929.18(A)); *State v. Golar*, 11th Dist. Lake No. 2002-L-092, 2003-Ohio-5861 (imposition of restitution, with amount to be determined by pending civil litigation, was error); *State v. Beverly,* 2d Dist. Clark No. 2612, 1990 WL 34813, at * 8 (Mar. 29, 1990) (the defendant "is entitled to know the full extent of the judgment that has been rendered against him," and " * * *the restitution ordered as part of a criminal conviction

may not be open-ended.").

**{¶ 18}** The trial court abused its discretion and erred as a matter of law in imposing restitution without determining the amount to be paid, notwithstanding that its oral statements at the restitution hearing and the conditions of community control contemplated a reduction in the amount owed based on the possibility of insurance payments.

**{¶ 19}** The assignment of error is sustained.

**{¶ 20}** The trial court's judgment will be affirmed in part and reversed in part; the matter will be remanded for the court to determine the actual amount of restitution.

. . . . . . . . . . . . .

WELBAUM, P.J. and DONOVAN, J., concur.

Copies mailed to:

Andrew P. Pickering
Mark Bamberger
Hon. Richard J. O'Neill