[Cite as *In re January 27, 2017 Order Releasing Grand Jury Materials*, 2018-Ohio-988.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

IN RE: JANUARY 27, 2017 ORDER    :
RELEASING GRAND JURY    :
MATERIALS    :    Appellate Case No. 27435
   :
   :
   :
   :
   :
   :
   :
   :

. . . . . . . . . . .

O P I N I O N

Rendered on the 16th day of March, 2018.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by MICHAEL J. SCARPELLI, Atty. Reg. No. 0093662, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, Dayton, Ohio 45422
       Attorney for Plaintiff-Appellant

LAWRENCE J. GREGER, Atty. Reg. No. 0002592, 1100 Liberty Tower, 120 West Second Street, Dayton, Ohio 45402
MITCHELL J. ANDERSON, Atty. Reg. No. 0086950, 2300 Far Hills Avenue, Dayton, Ohio 45419
       Attorneys for Defendant-Appellee-C.P.

. . . . . . . . . . . .

TUCKER, J.

{¶ 1} Plaintiff-appellant, the State of Ohio, appeals from the trial court's order of January 27, 2017, granting in part the petition of Defendant-appellee, C.P., for the release of certain grand jury testimony and associated exhibits. The State argues that the trial court erred because C.P. may not use the materials for the purpose indicated in his petition; because C.P. failed to demonstrate a particularized need for the testimony; and because the court did not inspect the materials in camera before releasing them. For the following reasons, we find that the court should have denied C.P.'s petition, and therefore, we reverse.

## I. Facts and Procedural History

{¶ 2} A Montgomery County grand jury issued an indictment in May, 2015, charging C.P. with the commission of two fourth-degree felonies pursuant to Ohio law. After a bench trial in August, 2015, the court found C.P. not guilty on both of the charges.

{¶ 3} C.P. thereafter brought suit under 42 U.S.C. 1983 in the U.S. District Court for the Southern District of Ohio against Defendants, J.H., M.H. and B.P., alleging that they conspired to violate his civil rights by instigating the foregoing criminal prosecution without probable cause. On January 4, 2017, C.P. petitioned the trial court "to order the release of all testimony and exhibits [that had been] presented to the grand jury," contending that without these materials, he would be deprived of a fair adjudication in his federal action.

{¶ 4} In its order of January 27, 2017, the trial court granted C.P.'s petition in part; it authorized the release of "the grand jury testimony of [J.H. and M.H.] only [emphasis sic] and any documents or exhibits related thereto." The State timely filed its notice of

appeal to this court on February 2, 2017.[1]

## II. Analysis

{¶ 5} For its sole assignment of error, the State contends that:

THE TRIAL COURT ABUSED ITS DISCRETION IN ORDERING THE RELEASE OF GRAND JURY TESTIMONY DIRECTLY TO APPELLEE. HE FAILED TO DEMONSTRATE A PARTICULARIZED NEED FOR THE MATERIALS, AND EVEN IF HE ESTABLISHED A LEGITIMATE NEED, THE TRIAL COURT FAILED TO CONDUCT AN IN CAMERA INSPECTION BEFORE RELEASING THE MATERIAL [sic] TO APPELLEE.

{¶ 6} The trial court determined that C.P. demonstrated a particularized need for the release of the grand jury testimony given by J.H. and M.H. because, in his federal action, C.P. could not otherwise meet his burden to prove that his criminal prosecution was not based upon probable cause. According to the State, the court erred in making this determination because C.P. may not use grand jury testimony as evidence in an action for malicious prosecution under 42 U.S.C. 1983; because C.P. did not demonstrate a particularized need for the release of the testimony; and because the court failed to review the testimony in camera before ordering its release. For his part, C.P. argues that he may use grand jury testimony as evidence in his federal action; that the trial court correctly found that he had a particularized need for the testimony; and that the trial court was not required to inspect the testimony in camera before granting his petition. We

---

[1] We refer to C.P. and the defendants in his federal action only by their initials pursuant to our order of February 8, 2017.

review the trial court's order for abuse of discretion. *See State v. Brown*, 38 Ohio St.3d 305, 308, 528 N.E.2d 523 (1988); *State v. Perkins*, 191 Ohio App.3d 263, 2010-Ohio-5161, 945 N.E.2d 1083, ¶ 45 (2d Dist.).

{¶ 7} Ohio law regards grand jury proceedings as secret, permitting the disclosure of testimony and other evidence that has been presented to a grand jury only when " 'the ends of justice require it.' " *State v. Coley*, 93 Ohio St.3d 253, 261, 754 N.E.2d 1129 (2001), quoting *State v. Greer*, 66 Ohio St.2d 139, 420 N.E.2d 982 (1981), paragraph two of the syllabus. That is, a "court may order disclosure of evidence presented to a grand jury 'only after [it] carefully weighs the need to maintain the secrecy of the grand jury proceedings against [the] petitioner's need for the information and determines that justice can only be done if disclosure is made.' " *Wiggins v. Kumpf*, 2d Dist. Montgomery No. 26263, 2015-Ohio-201, ¶ 8, quoting *In re Petition for Disclosure of Evidence Presented to Franklin County Grand Juries in 1970*, 63 Ohio St.2d 212, 218, 407 N.E.2d 513 (1980). To evaluate the need for secrecy of grand jury proceedings, a court should refer to the following five "reasons for preserving secrecy":

1. [P]revent[ing] the escape of those whose indictment may be contemplated;

2. [I]nsur[ing] the utmost freedom to the grand jury in its deliberations, and * * * prevent[ing] persons subject to indictment or their friends from importuning the grand jurors;

3. [P]revent[ing] subornation of perjury or tampering with * * * witnesses who may testify before [the] grand jury and later appear at the trial of those indicted by it;

4.    [E]ncourag[ing] free and untrammeled disclosures by persons who have information with respect to the commission of crimes; [and]

5.    [P]rotect[ing] innocent [persons] who [are] exonerated from disclosure of the fact that [they have] been under investigation, and from the expense of standing trial where there was no probability of guilt.

*In re Petition for Disclosure*, 63 Ohio St.2d at 219, quoting *United States v. Rose*, 215 F.2d 617, 628-629 (3d Cir.1954).   The petitioner's burden to demonstrate " 'a particularized need for disclosure [that] outweighs the need for secrecy' " is, however, "a threshold requirement."   *State v. Curran*, 166 Ohio App.3d 206, 2006-Ohio-773, 850 N.E.2d 81, ¶ 16 (2d Dist.), quoting *State v. Greer*, 66 Ohio St.2d 139, 420 N.E.2d 982 (1981), syllabus.

{¶ 8} For purposes of federal law, a "grand jury witness has absolute immunity from any * * * claim [under 42 U.S.C. 1983] based on the witness'[s] testimony," and this "rule may not be circumvented by [way of a] claim[] that a grand jury witness conspired to present false testimony or by us[e] [of] evidence of [a] witness'[s] testimony to support any other [42 U.S.C.] 1983 claim concerning the initiation or maintenance of a prosecution."   *Rehberg v. Paulk*, 566 U.S. 356, 369, 132 S.Ct. 1497, 182 L.Ed.2d 593 (2012).   Immunity applies "to <u>all</u> grand-jury witnesses, even law-enforcement officers who have 'conspired to present false testimony.' " (Emphasis in original.)   *King v. Harwood*, 852 F.3d 568, 584 (6th Cir.2017), quoting *Rehberg*, 566 U.S. at 369.

{¶ 9} On September 28, 2017, the State filed a notice of supplemental authority regarding C.P.'s federal action.   Each of the defendants in that case filed a motion for

judgment on the pleadings, and in an order entered on September 27, 2017, the district court adopted a magistrate's report and recommendations for the resolution of the three motions. The district court's order disposes of all of C.P.'s claims, except: (1) a cause of action for malicious prosecution under 42 U.S.C. 1983 against J.H.; and (2) a cause of action against M.H. pursuant to R.C. 4505.02. *See* Notice of Supplemental Authority, Exs. 1-2, Sept. 28, 2017. Because J.H. has absolute immunity from any liability under 42 U.S.C. 1983 based upon his grand jury testimony, C.P. may not use the testimony as evidence in his case against J.H. Consequently, we hold that the trial court erred by ordering the release of J.H.'s grand jury testimony.

{¶ 10} C.P.'s remaining cause of action against M.H. is grounded in Ohio law, so we evaluate the trial court's order as it relates to M.H.'s grand jury testimony in light of the Ohio Supreme Court's decision in *In re Petition for Disclosure of Evidence Presented to Franklin County Grand Juries in 1970*, 63 Ohio St.2d 212, 407 N.E.2d 513 (1980). Evaluated accordingly, we find that C.P. did not meet his threshold burden to establish a particularized need for M.H.'s testimony. In his federal complaint, in his petition, and again in his brief to this court, C.P. describes the factual basis of his allegation that M.H. unlawfully obtained title to a motor vehicle of disputed ownership; the detail provided in these recitations indicates that the transcript of M.H.'s grand jury testimony would provide little or no additional information germane to C.P.'s claim against M.H. under R.C. 4505.02. For all of the foregoing reasons, the State's assignment of error is sustained.

### III. Conclusion

{¶ 11} We find that the trial court erred by ordering the release of the grand jury testimony given by J.H. and M.H. The trial court's order of January 27, 2017, is therefore

reversed.

. . . . . . . . . . . . .

WELBAUM, P.J. and FROELICH, J., concur.

Copies mailed to:

Mathias H. Heck, Jr.
Michael J. Scarpelli
Lawrence J. Greger
Mitchell J. Anderson
Hon. Steven K. Dankof