[Cite as *State v. Stinson*, 2019-Ohio-401.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 28073 |
| | : | |
| v. | : | Trial Court Case No. 2013-CR-237 |
| | : | |
| JESSE M. STINSON | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . .

O P I N I O N

Rendered on the 8th day of February, 2019.

. . . . . . . . . .

MATHIAS H. HECK, JR., by SARAH E. HUTNIK, Atty. Reg. No. 0095900, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, 5th Floor, Dayton, Ohio 45422
  Attorney for Plaintiff-Appellee

JESSE M. STINSON, #710-916, 670 Marion Williamsport Road, P.O. Box 1812, Marion, Ohio 43301
  Defendant-Appellant, Pro Se

. . . . . . . . . . . . .

HALL, J.

{¶ 1} Jesse M. Stinson appeals pro se from the trial court's decision, order, and entry overruling his motion for release of public records.

{¶ 2} In his sole assignment of error, Stinson contends the trial court abused its discretion in overruling the motion.

{¶ 3} The record reflects that Stinson was convicted of murder and other serious charges following a 2014 jury trial. He received an aggregate sentence of 32 years to life in prison. This court affirmed on direct appeal, overruling assignments of error addressing the weight and sufficiency of the evidence, a new-trial motion, and merger of allied offenses. *See State v. Stinson*, 2d Dist. Montgomery No. 26449, 2015-Ohio-4404.

{¶ 4} On August 24, 2017, Stinson filed a pro se motion for release of public records pertaining to his criminal conviction. (Doc. #29.) In a memorandum accompanying his motion, Stinson asserted:

> The defendant has requested copies of certain legal documents pertaining to his criminal case. The Defendant is requesting these Documents of Montgomery County Clerk of Courts pursuant to the Ohio Public Records Act, and because Mr. STINSON is currently incarcerated The Montgomery County Clerk of Courts will not release any information and/or documents without an order from this Court. The Documents Mr. STINSON is requesting are the 2014 trial transcripts for case number 13CR00237. This case was heard by the Montgomery County Common Pleas Courts. The records are *Public Records* under O.R.C. 149.43. The reason Mr. STINSON needs these particular records is so he may continue

to pursue any justiciable Claims and adequately prepare a Federal Writ.

Wherefore Mr. STINSON respectfully requests that the Montgomery County Clerk of Courts, 41 N. Perry Street, Dayton, Ohio 45422 be ordered to release any documents held in their possession that otherwise constitute Public Records [i]ncluding the records specifically requested herein.

(Emphasis sic.) (*Id.* at 1-2.)

**{¶ 5}** The trial court overruled Stinson's motion in a June 20, 2018 decision, order, and entry. It reasoned:

The Defendant in the above-captioned case has made a pro se request for a copy of the public record concerning the criminal investigation and/or prosecution. He also appears to be asking for the State's files. The Defendant has failed to demonstrate that the information sought in the public record is necessary to support what appears to be a justiciable claim of the Defendant. Therefore, pursuant to O.R.C. Section 149.43(B)(3), the Defendant's motion for a copy of the public record is hereby OVERRULED. Likewise, Defendant is not entitled to the State's files in this matter. Defendant's motion is hereby OVERRULED.

(Doc. # 40 at 1.)

**{¶ 6}** On appeal, Stinson asserts that the documents he seeks are public records and that his request met the requirements of the Public Records Act. With regard to the trial court's ruling, Stinson contends he provided enough information for the trial court to identify the documents he wanted. Stinson also acknowledges the applicability of R.C. 149.43(B)(8), which provides:

(8) A public office or person responsible for public records is not required to permit a person who is incarcerated pursuant to a criminal conviction * * * to inspect or to obtain a copy of any public record concerning a criminal investigation or prosecution * * *, unless the request to inspect or to obtain a copy of the record is for the purpose of acquiring information that is subject to release as a public record under this section and the judge who imposed the sentence * * * with respect to the person, or the judge's successor in office, *finds that the information sought in the public record is necessary to support what appears to be a justiciable claim of the person*.

(Emphasis added) R.C. 149.43(B)(8).

**{¶ 7}** Stinson's argument, contrary to the trial court's ruling, insists he did establish that the records he sought were necessary to support what appears to be a justiciable claim. Even if portions of his request were overly broad or ambiguous, Stinson contends his memorandum to the trial court established that he needed his trial transcripts to pursue a federal habeas corpus action. Therefore, he argues that the trial court erred in overruling his motion for release of public records.

**{¶ 8}** We review the trial court's ruling under R.C. 149.43(B)(8) for an abuse of discretion. To obtain a reversal, Stinson must show that the trial court's ruling was unreasonable, arbitrary, or unconscionable. *State v. Morris*, 2d Dist. Montgomery Nos. 26949, 26960, 2017-Ohio-1196, ¶ 29. Having reviewed Stinson's motion and the trial court's ruling, we see no abuse of discretion here.

**{¶ 9}** Portions of Stinson's memorandum were vague and failed to inform the trial court what he was seeking. As set forth above, he first mentioned a need to obtain "certain

legal documents pertaining to his criminal case." At the end of his memorandum, he asked the trial court to allow him to obtain "any documents held in [the clerk's] possession that otherwise constitute Public Records[.]" Without more specificity, the trial court could reasonably have concluded it was unable determine whether these documents were necessary to support a justiciable claim, especially when Stinson failed to articulate any legal or factual basis to support a justiciable claim.

{¶ 10} In the middle of his memorandum, however, Stinson did make a specific request for the trial court to allow him to obtain his trial transcripts.[1] Nowhere in his memorandum, however, did he establish that the transcripts were "necessary to support what appears to be a justiciable claim," as required by R.C. 149.43(B)(8). Stinson asserted only that he needed the records "so he may continue to pursue any justiciable Claims and adequately prepare a Federal Writ." But his vague reference to "any justiciable [c]laims" failed to show that Stinson had any particular claim to pursue. Nor was his non-specific reference to "a [f]ederal [w]rit" sufficient to establish that he had any potentially justiciable claim to pursue in federal court.[2] Stinson's motion neither identified

---

[1] We also note that in his direct appeal Stinson filed a pro se motion requesting that we order his appointed counsel to provide him with documents, with a specific reference to his need for transcripts. We declined to order counsel to do so, indicating that an appellant represented by counsel is not permitted to also proceed pro se by filing motions or briefs. A year after we affirmed his convictions, Stinson filed a Petition for a Writ of Mandamus in that appellate case. We dismissed that request. Shortly thereafter, we observe that Stinson filed a Petition for a Writ of Mandamus in Ohio Supreme Court Case # 2017-0187 against his appointed counsel requesting that the Supreme Court order counsel to supply him with "HIS 2014 TRIAL TRANSCRIPTS." The Supreme Court unanimously denied the request.

[2] On appeal, Stinson clarifies that he wants to pursue a federal writ of habeas corpus. Even now, however, he has failed to identify any particular legal or factual basis for a justiciable claim that he seeks to pursue through a federal habeas action.

the nature of the writ he desired to pursue nor even attempted to identify why or how the requested records were necessary to pursue a federal claim. We cannot say the trial court abused its discretion in finding R.C. 149.43(B)(8) not satisfied where Stinson simply mentioned "any justiciable [c]laims" and "a [f]ederal [w]rit."

{¶ 11} Stinson's assignment of error is overruled, and the judgment of the Montgomery County Common Pleas Court is affirmed.

. . . . . . . . . . . . .


DONOVAN, J. and FROELICH, J., concur.


Copies sent to:

Mathias H. Heck
Sarah E. Hutnik
Jesse M. Stinson
Hon. Barbara P. Gorman