[Cite as *State v. Carr*, 2019-Ohio-3802.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

|  |  |  |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 28193 |
| | : | |
| v. | : | Trial Court Case No. 2016-CR-745/2 |
| | : | |
| BRANDON CHARLES CARR | : | (Criminal Appeal from |
| | : |  Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . .

O P I N I O N

Rendered on the 20th day of September, 2019.

. . . . . . . . . .

MATHIAS H. HECK, JR., by MICHAEL P. ALLEN, Atty. Reg. No. 0095826, Montgomery
County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301
West Third Street, 5th Floor, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

BRANDON CHARLES CARR, #A742-713, P.O. Box 120, Lebanon, Ohio 45036
        Defendant-Appellant, Pro Se

. . . . . . . . . . . .

FROELICH, J.

{¶ 1} Following a jury trial, Brandon Charles Carr was convicted of 13 offenses, together with gun specifications as to six of those offenses. Carr filed separate appeals from his March 13, 2018 judgment of conviction and from a July 12, 2018 post-judgment decision of the trial court, which appeals have been consolidated and remain pending before this court. *See State v. Carr*, 2d Dist. Montgomery C.A. Nos. 27960 and 28080. Carr's current appeal challenges an additional post-judgment order issued by the trial court on October 11, 2018. The October 11, 2018 judgment of the trial court will be affirmed.

## Factual and Procedural Background

{¶ 2} In February 2016, Brittany Russell was discovered inside her car in the parking lot of a Dayton apartment complex, dead from bullet wounds to the head. Russell's infant daughter was found unharmed in the back seat.

{¶ 3} On March 23, 2017, a Montgomery County grand jury indicted Carr on 12 counts related to Russell's death: Count One, aggravated murder (while committing felony murder) in violation of R.C. 2903.01(B), an unclassified felony; Count Two, murder (purposeful) in violation of R.C. 2903.02(A), an unclassified felony; Counts Three and Four, murder (proximate result) in violation of R.C. 2903.02(B), both unclassified felonies; Count Five, kidnapping (felony or flight) in violation of R.C. 2905.01(A)(2), a first-degree felony; Count Six, kidnapping (terrorize/physical harm) in violation of R.C. 2905.01(A)(3), a first-degree felony; Count Seven, felonious assault (deadly weapon) in violation of R.C. 2903.11(A)(2), a second-degree felony; Count Eight, felonious assault (serious physical harm) in violation of R.C. 2903.11(A)(1), a second-degree felony; Counts Nine and Ten, tampering with evidence (alter/destroy) in violation of R.C. 2921.12(A)(1), both third-

degree felonies; Count Eleven, endangering children (abuse) in violation of R.C. 2919.22(B)(1), a first-degree misdemeanor; and Count Twelve, having weapons under disability (prior drug conviction) in violation of R.C. 2923.13(A)(3), a third-degree felony. The indictment also charged Carr with firearm specifications as to Counts One through Eight. On April 11, 2017, another indictment under the same case number charged Carr with a single count of possession of heroin (50 grams but less than 250 grams) in violation of R.C. 2925.11(A), a first-degree felony. Carr pled not guilty to all charges under both indictments.

{¶ 4} On January 16, 2018, Carr moved to dismiss the charges against him, based in part on the pre-indictment destruction of Russell's car and any evidence it may have contained. The trial court orally denied that motion after a hearing. (*See* Montgomery C.A. No. 28193, Doc. #321.)[1] On January 27, 2018, Carr moved for reconsideration of the decision denying his motion to dismiss ("first motion to reconsider"). The court did not address that motion for reconsideration before the case proceeded to a jury trial beginning on January 29, 2018.

{¶ 5} Prior to trial, Carr waived a jury as to the Count Twelve charge of having weapons under disability, opting to allow the trial court to decide that count. (*See* Case No. 28193, Doc. #324.) The drug charge contained in the second indictment therefore became Count Twelve as submitted to the jury. On the final day of trial, after discussing

---

[1] In his Motion to Reconsider Motion to Dismiss, Carr avers that the trial court overruled his motion to dismiss "at the conclusion of a non-evidentiary hearing held on January 22, 2018." (*See* Doc. #321.) Similarly, the trial court later acknowledged that it "did not issue a written decision" regarding Carr's original motion to dismiss. (*See* 7/12/18 Nunc Pro Tunc Order).

Carr's motion for reconsideration and considering certain testimony presented, the court issued a written order phrased as a denial of Carr's motion to dismiss. (*See* 2/6/18 Order Denying Motion to Dismiss.)

**{¶ 6}** The jury found Carr guilty of Counts One through Twelve (the drug count under indictment B) and of the firearm specifications to Counts One through Five and Eight; the jury found Carr not guilty of the firearm specifications to Counts Six and Seven. The trial court also found Carr guilty of having weapons under disability. On March 13, 2018, the court merged certain counts and sentenced Carr to an aggregate prison term of life without parole, plus an additional 34 years. The same judgment entry ordered Carr to pay restitution in the amount of $4,028 to Vivian Mills.[2] Carr filed a timely notice of appeal from that judgment of conviction. *See* Case No. 27960.

**{¶ 7}** On July 7, 2018, with his direct appeal pending, Carr filed a pro se motion in the trial court, asking the court to "journalize" a decision on his January 27, 2018 motion for reconsideration of the denial of his motion to dismiss. On July 12, 2018, the trial court granted that motion in part and entered a nunc pro tunc order amending the February 6, 2018 Order Denying Motion to Dismiss to reflect that such order denied both Carr's motion to dismiss and his later motion for reconsideration of the motion to dismiss.

**{¶ 8}** On July 27, 2018, Carr filed a motion for reconsideration of the trial court's July 12, 2018 nunc pro tunc order ("second motion to reconsider"). Shortly thereafter, he filed a notice of appeal from the same decision. *See* Case No. 28080.

**{¶ 9}** Carr subsequently filed a series of pro se motions in the trial court. Pertinent

---

[2] The trial court's October 11, 2018 order on Carr's later motions identifies Mills as Brittany Russell's sister.

to the instant appeal, on August 6, 2018, he filed a motion to stay the restitution award included in his judgment of conviction; on August 20, 2018, he filed a motion pursuant to R.C. 149.43(B)(8) for copies of the jury verdict forms; and on August 29, 2018, he filed a motion for grand jury testimony from his case, purportedly to support a petition for postconviction relief.

{¶ 10} On October 11, 2018, the trial court issued a decision ruling on those and other post-judgment pro se motions filed by Carr. The court denied Carr's motion to reconsider the July 12, 2018 nunc pro tunc order, finding that such order properly corrected a clerical mistake, and further finding that the court lacked jurisdiction to reconsider that order given Carr's pending appeal in Case No. 28080. As to the restitution order, the court found that it lacked statutory authority to stay the payment of restitution and further indicated that "it would decline to exercise" such authority in Carr's case, even if such authority existed. With regard to Carr's request for copies of the jury verdict forms, the court determined that verdict forms bearing the names of jurors "are not public records" subject to production under R.C. 149.43(B)(8), and that Carr also "ha[d] not shown that the information sought in the jury verdict forms is necessary to support a justiciable claim." Finally, with respect to Carr's motion for grand jury testimony, the court held that it lacked jurisdiction to consider that request because Carr had not filed a petition for postconviction relief and no other pending criminal matters in his case required additional discovery. The court further invoked its discretion to deny that request due to Carr's failure "to show a particularized need for the grand jury testimony."

{¶ 11} Carr appeals from the October 11, 2018 judgment, asserting these four assignments of error:

1) [The] Trial Court erred and violated Mr. Carr's U.S. Constitutional Right to Substantive and Procedural Due Process when it denied Mr. Carr's Motion for Reconsideration pertaining to the unlawful NUNC PRO TUNC entry while also holding the Trial Court does not have Jurisdiction to Reconsider.

2) [The] Trial Court abused its Discretion when it denied Mr. Carr's Motion to Stay Restitution.

3) [The] Trial Court violated Mr. Carr's U.S. [C]onstitutional right to Substantive and Procedural Due Process when the Trial Court denied Mr. Carr's request for Jury Verdict Form.

4) Mr. Carr's Constitutional Right to Substantive and Procedural Due Process was violated when the Trial Court denied Carr's request for Grand Jury Transcript's Testimony [sic] when M[r]. Carr showed a Particularized Need.

{¶ 12} We will address these assignments of error in the order most conducive to our review.

### Assignment of Error #2 – Motion to Stay Restitution

{¶ 13} Carr contends that the trial court erred by denying his motion to stay the payment of restitution. Carr claims to have established his indigent status in the trial court. He further argues that deducting restitution payments from his prison account is "premature" because his direct appeal remains pending and the judgment against him could be reversed.

{¶ 14} Trial court decisions regarding restitution are subject to review under an

abuse of discretion standard. *State v. Jacobs*, 2018-Ohio-671, 106 N.E.3d 897, ¶ 10 (2d Dist.), citing *State v. Amburgey*, 2d Dist. Greene No. 2010 CA 14, 2011-Ohio-748, ¶ 130; *State v. Moore*, 2d Dist. Clark No. 2010 CA 55, 2010-Ohio-6226, ¶ 13. A court abuses its discretion if its decision as to restitution is "grossly unsound, unreasonable, illegal, or unsupported by the evidence." *State v. Conley*, 2015-Ohio-2553, 43 N.E.3d 775, ¶ 45 (2d Dist.), quoting *State v. Boles*, 187 Ohio App.3d 345, 2010-Ohio-278, 932 N.E.2d 345, ¶ 18 (2d Dist.).

{¶ 15} Although R.C. 2929.18(A)(1) authorizes a trial court to modify "the payment terms of any restitution ordered," we on at least one occasion have declined to address whether a trial court has discretion to *stay* a restitution order. *See State v. Dunson*, 2d Dist. Montgomery No. 26990, 2016-Ohio-8365, ¶ 15, *rev'd on other grounds*, 156 Ohio St.3d 180, 2018-Ohio-5213, 124 N.E.3d 787 ("Assuming, without deciding, that a trial court has discretion to stay the enforcement of restitution, * * *"). Elsewhere, however, this court has stated that "[a] court lacks the power to grant [a stay of restitution] absent statutory authority[,] * * * and we are aware of none." *State v. Wilson*, 2d Dist. Montgomery Nos. 24461, 24496, 24501, 2012-Ohio-1660, ¶ 24; *see also Dunson* at ¶ 24 (Hall, J., concurring) ("The trial court is without authority to vacate, waive, suspend, stay, or modify the restitution owed" where no payment terms have been specified).

{¶ 16} Other appellate courts also have concluded that trial courts have very limited authority to implement changes to an earlier restitution order. *See, e.g., State v. Downey*, 12th Dist. Clermont No. CA2016-02-006, 2016-Ohio-5778, ¶ 15-18; *State v. Getz*, 12th Dist. Butler No. CA2015-08-159, 2016-Ohio-3397, ¶ 13; *State v. Corbitt*, 5th Dist. Richland No. 2011-CA-107, 2012-Ohio-3795, ¶ 15; *State v. Sekic*, 8th Dist.

Cuyahoga No. 95679, 2011-Ohio-4809, ¶ 47; *State v. Purnell*, 171 Ohio App.3d 466, 2006-Ohio-6160, 871 N.E.2d 613, ¶ 9 (1st Dist.).

{¶ 17} The trial court did not abuse its discretion in denying Carr's motion to stay restitution. As noted in *Wilson* at ¶ 24, we are unaware of any statutory authority that would permit the trial court to revise its restitution order for any purpose other than a modification of specific payment terms. *See* R.C. 2929.18(A)(1). Here, no payment terms had been stated, and Carr did not seek to revise payment terms, but rather to stay payment. Further, the trial court acted within its discretion in declining to stay Carr's restitution obligation based on its conclusion that "the interests of the victim's sister in receiving restitution outweigh[ed]" Carr's cited interest in maintaining a balance in his prison account in order to cover the cost of mailing legal documents. Moreover, Ohio Adm. Code 5120-5-03(D) provides that deductions may be made from an inmate account only if the account retains a $25 balance "for inmate expenditures." That provision helps to protect Carr's ability to maintain funds for mailing expenses and access to the courts.

{¶ 18} Carr's second assignment of error is overruled.

**Assignment of Error #3 – Motion for Jury Verdict Forms**

{¶ 19} In his third assignment of error, Carr argues that the trial court violated his constitutional right to substantive and procedural due process by denying his request for copies of the jury verdict forms. Carr maintains that the jury verdict forms are public records subject to production under R.C. 149.43(B)(8) and are necessary to support a justiciable claim.

{¶ 20} The statute on which Carr relies provides in pertinent part as follows:

A public office or person responsible for public records is not required to

permit a person who is incarcerated pursuant to a criminal conviction or a juvenile adjudication to inspect or to obtain a copy of any public record concerning a criminal investigation or prosecution * * *, unless the request to inspect or to obtain a copy of the record is for the purpose of acquiring information that is subject to release as a public record under this section and the judge who imposed the sentence or made the adjudication with respect to the person, or the judge's successor in office, finds that the information sought in the public record is necessary to support what appears to be a justiciable claim of the person.

R.C. 149.43(B)(8).

{¶ 21} Although Carr attempts to frame this argument as a constitutional challenge, he has not articulated facts that support the existence of a due process violation. Absent a viable constitutional claim, we review a trial court's ruling under R.C. 149.43(B)(8) for an abuse of discretion. *State v. Stinson*, 2019-Ohio-401, ___ N.E.3d ___, ¶ 8 (2d Dist.). A trial court does not abuse its discretion when it denies a motion under R.C. 149.43(B)(8) made by a person who has not demonstrated that he has a justiciable claim or that the public records he seeks are necessary to support such a claim. *State v. Reid*, 2d Dist. Montgomery No. 24672, 2012-Ohio-1659, ¶ 13; *see also Stinson* at ¶ 10.

{¶ 22} The Supreme Court of Ohio has determined that "[j]uror names, addresses, and questionnaire responses are not 'public records' as contemplated by R.C. 149.43." *State ex rel. Beacon Journal Publishing Co. v. Bond*, 98 Ohio St.3d 146, 2002-Ohio-7117, 781 N.E.2d 180, paragraph one of the syllabus. The jury verdict forms Carr seeks contain the names of the jurors at Carr's trial. Accordingly, the trial court did not err in determining

that those forms are not public records subject to a request under R.C. 149.43(B)(8).

{¶ 23} Further, the trial court did not abuse its discretion in concluding that Carr had not demonstrated the existence of a justiciable claim. Establishing a justiciable claim "ordinarily involves identifying a 'pending proceeding with respect to which the requested documents would be material.' " *State v. Morris*, 2d Dist. Montgomery Nos. 26949, 26960, 2017-Ohio-1196, ¶ 30, quoting *State v. Wilson*, 2d Dist. Montgomery No. 23247, 2009-Ohio-7035, ¶ 5, quoting *State v. Gibson*, 2d Dist. Champaign No. 06-CA-37, 2007-Ohio-7161, ¶ 14. *See also State v. Dowell*, 8th Dist. Cuyahoga No. 102408, 2015-Ohio-3237, ¶ 7 ("[a] 'justiciable' claim is one that is capable of affording appropriate relief and ordinarily involves identifying a pending proceeding to which the requested documents would be material."). (Citation omitted.)   In moving for copies of the jury verdict forms, Carr stated that he was making the request "for all postconviction relief purposes to present justiciable claims." He did not identify any pending proceeding, nor did he articulate how the jury verdict forms would be material to any justiciable claim he may have.

{¶ 24} A trial court does not abuse its discretion by denying an R.C. 149.43(B)(8) motion in which the movant references without elaboration the existence of justiciable claims. *See Stinson*, 2019-Ohio-401, ___ N.E.3d ___, at ¶ 10 (finding that defendant's "vague reference to 'any justiciable [c]laims' failed to show that [he] had any particular claim to pursue"); *State v. Wofford*, 12th Dist. Butler No. CA2016-03-057, 2016-Ohio-7188, ¶ 15 (defendant "cannot sufficiently carry his burden of showing a justiciable claim by merely alluding to *possible* future proceedings that *could* result from access to the records" requested). (Emphasis sic.) Carr provided no information to substantiate the

existence of a justiciable claim for postconviction purposes.

{¶ 25} Carr's third assignment of error is overruled.

**Assignment of Error #4 – Motion for Grand Jury Testimony**

{¶ 26} In his fourth assignment of error, Carr again argues that the trial court violated his constitutional right to substantive and procedural due process – in this instance, by denying Carr's motion for a transcript of the grand jury testimony. Carr claims to have demonstrated a "particularized need" for that evidence through his assertions that the grand jury testimony of "unidentified witnesses" differed from their trial testimony, that his second indictment (for heroin possession) resulted from "[p]rosecutorial [m]isconduct," and that the prosecution "coach[ed]" certain "unidentified witnesses." (Appellant's Merit Brief, p. 16.)

{¶ 27} The question of whether a particularized need exists for the disclosure of grand jury transcripts "rests within the sound discretion of the trial court." *State v. McGill*, 2d Dist. Greene No. 99CA25, 2000 WL 1803650, *18 (Dec. 8, 2000), citing *State v. Lawson*, 64 Ohio St.3d 336, 345, 595 N.E.2d 902 (1992). "A court's discretionary decision will not be overruled on appeal absent an abuse of discretion." *Id.* Once again, Carr's attempt to frame the issue as a constitutional claim does not alter our standard of review.

{¶ 28} "Ohio law regards grand jury proceedings as secret, permitting the disclosure of testimony and other evidence that has been presented to a grand jury only when 'the ends of justice require it.' " *In re January 27, 2017 Order*, 2018-Ohio-988, 108 N.E.3d 1170, ¶ 7 (2d Dist.), quoting *State v. Coley*, 93 Ohio St.3d 253, 261, 754 N.E.2d 1129 (2001) and *State v. Greer*, 66 Ohio St.2d 139, 420 N.E.2d 982 (1981), paragraph two of the syllabus. Despite the long history of secrecy attendant to grand jury

proceedings, in certain circumstances the court which supervised a grand jury may order that evidence presented to the grand jury be disclosed. *State v. Webb*, 2d Dist. Greene No. 2005 CA 52, 2006-Ohio-1113, ¶ 12, citing *Petition for Disclosure of Evidence,* 63 Ohio St.2d 212, 218, 407 N.E.2d 513 (1980). Such disclosure may be ordered "only after the court carefully weighs the need to maintain the secrecy of the grand jury proceedings against [the] petitioner's need for the information and determines that justice can only be done if disclosure is made." *Petition for Disclosure of Evidence* at 218.

{¶ 29} When the request for disclosure is made after trial, the factors to be considered regarding the need to preserve grand jury secrecy are:

(1) [t]o prevent the escape of those whose indictment may be contemplated;

(2) to insure the utmost freedom to the grand jury in its deliberations, and to prevent persons subject to indictment or their friends from importuning the grand jurors; (3) to prevent subornation of perjury or tampering with the witnesses who may testify before grand jury and later appear at the trial of those indicted by it; (4) to encourage free and untrammeled disclosures by persons who have information with respect to the commission of crimes; [and] (5) to protect [an] innocent accused who is exonerated from disclosure of the fact that he has been under investigation, and from the expense of standing trial where there was no probability of guilt.

*Id.* at 219, quoting *United States v. Rose*, 2015 F.2d 617, 628-629 (3d Cir.1954). The court also must take into account "its ability to place protective limitations on any disclosure needed." *Id.*

{¶ 30} "The petitioner's burden to demonstrate ' "a particularized need for

disclosure [that] outweighs the need for secrecy" ' is, however, 'a threshold requirement.' " *In re January 27, 2017 Order* at ¶ 7, quoting *State v. Curran*, 166 Ohio App.3d 206, 2006-Ohio-773, 850 N.E.2d 81, ¶ 16 (2d Dist.) and *Greer* at syllabus. If the supervising court is able "to effectively decide the extent of petitioner's need for [grand jury] information, * * * it should decide whether justice requires that disclosure be made." *Petition for Disclosure of Evidence* at 220. "A trial court does not abuse its discretion by finding no particularized need when a defendant speculates that grand jury testimony might have revealed contradictions." (Citation omitted.) *State v. Carr,* 2d Dist. Montgomery No. 22603, 2009-Ohio-1942, ¶ 41. *Accord State v. Heisey*, 2015-Ohio-4610, 48 N.E.3d 157, ¶ 35 (2d Dist.) (assertions that the grand-jury testimony might reveal contradictions in witness testimony "do not establish the requisite need"); *State v. Mack,* 73 Ohio St.3d 502, 508, 653 N.E.2d 329 (1995), quoting *State v. Webb,* 70 Ohio St.3d 325, 337, 638 N.E.2d 1023 (1994) (trial court does not abuse discretion by finding defendant has not shown particularized need when defendant " 'speculates that the grand jury testimony might have contained material evidence or might have aided his cross-examination * * * by revealing contradictions' "). "A general assertion for the purpose of exploring 'possible inconsistent statements by witnesses' does not establish a particularized need." *McGill*, 2d Dist. Greene No. 99CA25, 2000 WL 1803650 at *18, citing *State v. Richey*, 64 Ohio St.3d 353, 366, 595 N.E.2d 915 (1992).

{¶ 31} "The same 'particularized need' analysis is applied to both trial and post-conviction proceedings, and a defendant's claim of need does not automatically entitle him to the records. Instead, the defendant 'must first make a colorable claim for post-conviction relief and then seek the transcripts.' " *State v. Buelow*, 2d Dist. Clark No. 06-

CA-29, 2007-Ohio-131, ¶ 45, quoting *State v. Walker,* 4th Dist. Lawrence No. 04CA16, 2005-Ohio-1584, ¶ 7.

**{¶ 32}** In this case, the trial court did not err by denying Carr's request for transcripts of all testimony presented to the grand jury that indicted him. The trial court first noted that Carr had no pending petition for postconviction relief. We have recognized, and other Ohio appellate courts agree, that a trial court lacks authority to grant a motion for production of grand jury testimony where no postconviction petition or other matter requiring discovery in the movant's criminal case is pending before that court. *See id.* at ¶ 45; *see also State v. Harper*, 5th Dist. Guernsey No. 13 CA 15, 2013-Ohio-3897, ¶ 19, citing *State v. Russell*, 10th Dist. Franklin No. 05AP-1325, 2006-Ohio-5945, ¶ 10; *State v. Short*, 8th Dist. Cuyahoga No. 38492, 2004-Ohio-3695, ¶ 7; *State v. Herring*, 5th Dist. Stark No. 1996 CA 00385, 1997 WL 219249 (March 17, 1997). The trial court did not abuse its discretion by concluding that it lacked authority to provide the relief Carr sought.

**{¶ 33}** Neither did the trial court abuse its discretion by determining that Carr had failed to demonstrate a particularized need for the grand jury testimony. "The claim that a witness's grand jury testimony may differ from trial testimony is insufficient to show a particularized need." *Harper* at ¶ 22, citing *State v. Henness*, 79 Ohio St.3d 53, 62, 679 N.E.2d 686 (1997); *see also Carr,* 2d Dist. Montgomery No. 22603, 2009-Ohio-1942, at ¶ 41; *Heisey*, 2015-Ohio-4610, 48 N.E.3d 157, at ¶ 35. Carr has presented nothing to substantiate his suggestion that witnesses may have testified inconsistently, even declining to name the "unidentified witnesses" whose testimony he deems suspect. Further, contrary to Carr's premise, inconsistencies between a witness's grand jury and trial testimony would not prove that the witness's later testimony was "coached."

**{¶ 34}** Finally, Carr does not advance a credible argument that the grand jury transcripts would reveal prosecutorial misconduct infecting his second indictment for heroin possession. We have recognized that a motion for the disclosure of grand jury testimony may not be used to conduct a "fishing expedition" into speculative bases for relief. *See State v. Boehm*, 2d Dist. Montgomery No. 16335, 1997 WL 856285, *2 (Dec. 31, 1997). Many other courts agree. *See, e.g., State v. Burroughs*, 165 Ohio App.3d 172, 2005-Ohio-6411, 845 N.E.2d 540, ¶ 14 (3d Dist.); *State v. Davis*, 1st Dist. Hamilton No. C-940026, 1994 WL 466496, *1 (Aug. 31, 1994); *State v. Pierce*, 4th Dist. Vinton No. 474, 1992 WL 276556, *3 (Oct. 6, 1992).

**{¶ 35}** Having failed to establish the threshold requirement of a particularized need, Carr was not entitled to disclosure of the grand jury testimony. His fourth assignment of error is overruled.

### Assignment of Error #1 – Motion to Reconsider Nunc Pro Tunc Order

**{¶ 36}** Carr's remaining assignment of error challenges the trial court's denial of his motion for reconsideration of the nunc pro tunc order that denied his motion for reconsideration of the denial of his motion to dismiss. That assignment is not well taken, for multiple reasons.

**{¶ 37}** The Ohio Constitution limits an appellate court's jurisdiction to the review of final judgments or orders of lower courts. *State v. Pennington*, 187 Ohio App.3d 526, 2010-Ohio-2139, 932 N.E.2d 941, ¶ 15 (2d Dist.), citing Section 3(B)(2), Article IV, Ohio Constitution; *State v. Lewis,* 9th Dist. Lorain No. 08 CA 9379, 2009-Ohio-3322, ¶ 4. "We have no jurisdiction to review an order or judgment that is not final, and an appeal therefrom must be dismissed." *Barrow v. The Living Word-Dayton*, 2d Dist. Montgomery

No. 27935, 2018-Ohio-4641, ¶ 13, citing *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20, 540 N.E.2d 266 (1989).

{¶ 38} Under R.C. 2505.02(B), "[a]n order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following":

(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;

(3) An order that vacates or sets aside a judgment or grants a new trial;

(4) An order that grants or denies a provisional remedy and to which both of the following apply:

(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

{¶ 39} As a general rule, a trial court is divested of jurisdiction once an appeal is taken, except to take action in aid of the appeal. *State ex rel. Special Prosecutors v. Judges,* 55 Ohio St.2d 94, 97, 378 N.E.2d 162 (1978). The trial court does retain jurisdiction over issues not inconsistent with the power and jurisdiction of the appellate court to review, affirm, modify, or reverse the appealed judgment. *Id.*; citing *In re Kurtzhalz,* 141 Ohio St. 432, 48 N.E.2d 657 (1942). However, if the decision that is the

subject of an appeal was an appealable order, then any subsequent trial court ruling on a motion for reconsideration of that appealable order would be a nullity. *See State v. Morgan*, 2d Dist. Clark No. 2012-CA-06, 2012-Ohio-4750, ¶ 10.

{¶ 40} Already pending before us is Case No. 28080, Carr's appeal from the trial court's July 12, 2018 nunc pro tunc entry. Assuming that the July 12, 2018 entry was a final appealable order (an issue we reserve for determination in Case No. 28080), Carr's appeal from that order divested the trial court of jurisdiction to rule on his motion for reconsideration of the same order. Alternatively, if the July 12, 2018 entry was *not* a final appealable order, the trial court's decision on Carr's motion for reconsideration of that order likewise was not a final appealable order, and we lack jurisdiction to consider Carr's appeal from the second motion to reconsider. In either case, Carr's challenge to the trial court's denial of his second motion to reconsider cannot be sustained.

{¶ 41} Carr's first assignment of error is overruled.

## Conclusion

{¶ 42} The judgment of the trial court will be affirmed.

. . . . . . . . . . . . .


DONOVAN, J. and HALL, J., concur.


Copies sent to:

Mathias H. Heck
Michael P. Allen
Brandon Charles Carr
Hon. Steven K. Dankof